## UNITED STATES *v.* GOLDBACK.

1 A manufacturer to whom, pursuant to sect. 3425 of the Revised Statutes, the Commissioner of Internal Revenue sells proprietary stamps on credit is not, in default of payment therefor, accountable for public money, and does not forfeit the commissions to which he is, under that section, entitled.

2. Where the manufacturer when sued paid into court the amount due upon the stamps after deducting his commissions, and it was then stipulated that the case should be submitted, the only point in issue being as to his right to them, — *Held,* that the United States was not entitled to judgment for the costs which accrued after the date of such payment.

ERROR to the Circuit Court of the United States for the Eastern District of Virginia.

The facts are stated in the opinion of the court.

*The Solicitor-General* for the plaintiff in error.

No counsel appeared for the defendant in error.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

Goldback was a manufacturer of friction-matches, and as such gave bond to the United States, under sect. 3425 of the Revised Statutes, with the other defendants in error as his sureties, to pay such amounts as might from time to time be due from him for proprietary internal revenue stamps supplied him on a credit, in accordance with the provisions of that section. Under the law he was entitled to an allowance on the aggregate amount supplied him, as discount on the face value, or commission. Stamps were furnished him from time to time on the faith of this security; and when this suit was begun the balance against him, without any allowance for discount or commission, was $3,369, but deducting the commission the amount due was $3,062.72. Pending the suit he paid in full this last-named sum, and then, without any formal plead-

ings, the facts were agreed on and submitted to the considera-
tion of the court, with the statement that the only point in
issue was "as to the right of the defendant, Goldback, to
commissions under the provisions of sect. 3624 of the Revised
Statutes of the United States." Judgment was given in favor
of the defendants so far as the commissions were concerned,
but in favor of the United States for costs to Nov. 20, 1876,
the date when the payment of the amount due was made.
To reverse this judgment, so far as it is in favor of the defend-
ants, this writ of error has been brought.

Sect. 3624 of the Revised Statutes provides that "whenever
any person accountable for public money neglects or refuses
to pay into the treasury the sum or balance reported to be due
to the United States, upon the adjustment of his account, the
First Comptroller of the Treasury shall institute suit for the
recovery of the same, adding to the sum stated to be due on
such account the commissions of the delinquent, which shall
be forfeited in every instance where suit is commenced and
judgment obtained thereon, and an interest of six per cent per
annum from the time of receiving the money until it shall be
repaid into the treasury."

Goldback never received and was not accountable for any
public money. He bought stamps at a certain discount and
agreed to pay for them at a future day, giving the bond sued
on as his security. He did not pay as he agreed, and he and
his sureties were sued for what he owed. He had no moneys
which in any legal sense belonged to the United States. He
owed a debt for stamps bought at a certain percentage below
their face value. Money in his hands was no more the prop-
erty of the United States than that of any other debtor is the
property of his creditors. The stamps when bought were his
own, to do with as he pleased. The United States could not
call on him to account for them. He was bound to pay for
them at the time agreed on, whether used or not. What the
statute denominates commissions were in fact discounts from
the face value of the stamps sold, on account of the quantity
purchased. We think it clear, therefore, that the court below
was right in holding that the United States could not recover
for these allowances, though called commissions.

Neither do we see any error of which the United States can complain in respect to the costs. Full costs were recovered up to the time the debt was paid. This implies that after that time each party must pay his own costs. It is clear a plea of payment *puis darrien* was waived, because the parties, when submitting the case, agreed on the fact of payment after the suit was commenced, and in terms said that the only issue between them was in respect to the commissions. This stipulation as to what the issue was is equivalent, for the purposes of review here, to an admission of record that proper pleadings had been filed to raise that issue.

<div align="right">

*Judgment affirmed.*