The UNITED STATES of America,
Plaintiff,

v.

ONE ASSORTMENT OF 12 RIFLES
AND 21 HANDGUNS.

Civ. A. No. 442.

United States District Court,
N. D. Florida,
Gainesville Division.

June 3, 1970.

Clinton Ashmore, Asst. U. S. Atty., Northern District of Florida, Tallahassee, Fla., for plaintiff.

Selig I. Goldin, Gainesville, Fla., for intervenor.

## ORDER

MIDDLEBROOKS, District Judge.

This cause came on for hearing upon filing of cross-motions for summary judgment by plaintiff and by intervenor, Gail Anthony Miller. The facts of this case preceding this hearing should be outlined since this action involves a forfeiture under Section 5872 of the 1968 Gun Control Act. (See Title 26, United States Code, Section 5872)

On August 19, 1969, members of the Alcohol, Tobacco and Firearms Division of the Internal Revenue Service, Treasury Department, seized weapons made the subject matter of this litigation from intervenor for breach of the provisions of Title 18, United States Code, Section 924(d). An indictment charging intervenor with violation of Title 18, United States Code, Sections 923 and 924(a) was returned and on April 14, 1970, upon trial in this Court, intervenor was acquitted of the charges by a jury of twelve. At the trial it was proven that intervenor had made sales of guns to agents of plaintiff and that intervenor had not registered as a licensed dealer under Title 18, United States Code, Section 923(a). It was intervenor's contention, however, that he was conducting only isolated sales which were not prohibited by the law nor violation of the law. None of the guns here seized was sold to plaintiff's agents although testimony adduced at the trial conclusively showed that they were on display in the same area where the sales were made and no doubt would have been sold by intervenor had there been a willing buyer.

Intervenor in support of his motion for summary judgment has attempted to supply this Court with authority which would show that as a matter of law he is entitled to judgment and the return of his guns. See Heath v. United States, 169 F.2d 1007 (10th Cir. 1948); Supreme Malt Products Co., Inc. v. United States, 153 F.2d 5 (1st Cir. 1946); Henry v. United States, 204 F.2d 817 (6th Cir. 1953); United States v. Griesel et al., 122 F.Supp. 646 (D.C.Minn.1954). Each of these cases, however, was concerned with what specific activities of a defendant would constitute being "engaged in business" as contemplated by

the Internal Revenue Code. These decisions would be of some import in consideration of what would constitute an unlawful act under Title 18, United States Code, Section 922(a). However, insofar as this forfeiture action is concerned, these decisions would be of little relevance for the language with which this Court is concerned reads as follows:

"Any firearm or ammunition involved in or used or intended to be used in, any violation of the provisions of this chapter or any rule or regulation promulgated thereunder * * * shall, so far as applicable, extend to seizures and forfeitures under the provisions of this chapter." 18 U.S.C. § 924(d).

■ . This action, being one civil in nature, is governed by a standard altogether different from that governing a criminal prosecution under Title 18, United States Code, Sections 923 and 924(a). See United States v. Burch, 294 F.2d 1 (5th Cir. 1961). Thus, the measure of proof to sustain the position of the government in this type case is by a preponderance of the evidence. See United States v. United States Currency, 264 F.Supp. 394 (M.D.Pa.1966).

The "engaged in business" language was relevant in the criminal prosecution because there it could be used to show that occasional isolated sales of guns did not fall within the prohibitive language of the statute. In this instant action the evidence clearly shows that these weapons seized were "involved" in the sales made since they were displayed on the premises in view of the prospective buyers. Keeping this in mind, this Court is of the opinion that the preponderance of the evidence would show also that the guns seized were used in violation of the statute. Testimony was given at trial by intervenor that he sold the guns to acquire money. Had he not been apprehended when he was, he would have sold all of his guns. As was stated in United States v. United States Currency, supra, at page 396:

"The word 'intended' in the statute does not refer to intention to evade tax, but to the use to which the property is to be put. (Citation omitted). Of course, proof of the intended use need not be direct, but may be established by circumstantial evidence. * * * *"

 Thus, this circumstantial evidence along with the direct testimony of the government agents who purchased various guns from intervenor establishes that the guns owned by intervenor were "involved or intended to be used" in violation of the provisions of Title 18, United States Code, Section 922 et seq.

Therefore, this Court under the findings of fact as present and under the conclusions of law as stated is of the opinion that judgment be entered in favor of plaintiff and the guns be forfeited to the United States. It is therefore,

Ordered and adjudged that this property be condemned as forfeited to the United States and disposal of same be made according to law.