**UNITED STATES of America**

**v.**

**ONE LOT OF EIGHTEEN FIREARMS.**

**Civ. A. No. 3032.**

United States District Court,
D. New Hampshire.

April 28, 1971.

David A. Brock, U. S. Atty., Concord, N. H., for plaintiff.

Leonard G. Velishka, Velishka & Kozlowski, Nashua, N. H., for defendant.

OPINION

BOWNES, District Judge.

This is an action for forfeiture under 18 U.S.C. § 924(d) (Supp. V 1969) of a lot of eighteen firearms. Jurisdiction is founded on 28 U.S.C. § 1355 (1964). Edmond Briand, owner of the firearms, intervened as a defendant. The case was submitted on an agreed statement of facts.

FINDINGS OF FACT

Edmond Briand bought a firearm from Riley's Sport Shop in Hooksett,

New Hampshire, on January 11, 1969. He signed Internal Revenue Service Form 4473 (12–68) certifying he was not a felon prohibited by 18 U.S.C. § 921 et seq. (Supp. V 1969) from purchasing a firearm.

The agreed statement of facts evinces that Briand, then age 20, was indicted in 1944 for aiding and abetting another in the willful destruction of a car by fire with the intent to defraud an insurer. Briand entered a plea of nolo contendere and, on March 12, 1945, was fined $30.00 and placed on probation for one year. The offense, by virtue of New Hampshire Revised Statutes Annotated 584:4, was a felony punishable by imprisonment of not more than five years. Briand has never been convicted of any other felony.

After the purchase of the gun from Riley's Sport Shop, Briand was charged with violating 18 U.S.C. § 922(a) (6) by knowingly making a false statement to a licensed firearms dealer. The firearms which are the subject of this action were seized from Briand's home on February 28, 1969, in connection with Briand's arrest. After a lengthy hearing before the United States Commissioner, Briand was ordered discharged. The Commissioner stated: "Probable cause was not found and the defendant ordered discharged." The United States has not sought an indictment against Briand.

On August 6, 1969, this action was commenced asking that forfeiture be granted because Briand violated 18 U.S.C. App. § 1202(a) (1) (Supp. V 1969) and 18 U.S.C. § 922(a) (1) (Supp. V 1969). On October 25, 1969, Briand was granted a full pardon by the Governor and Governor's Council of the State of New Hampshire for the offense committed in 1944. The effect of the pardon is the basic issue in this case.

## RULINGS OF LAW

18 U.S.C. § 924(d) provides:

(d) Any firearm or ammunition involved in or used or intended to be used in, any violation of the provisions of this chapter or any rule or regulation promulgated thereunder, or any violation of any other criminal law of the United States, shall be subject to seizure and forfeiture and all provisions of the Internal Revenue Code of 1954 relating to the seizure, forfeiture, and disposition of firearms, as defined in section 5845(a) of that Code, shall, so far as applicable, extend to seizures and forfeitures under the provisions of this chapter.

Since the law was passed in 1968, the case law under section 924(d) is relatively sparse. It does appear, however, that at least one court has construed this provision to be civil in nature by equating it to 26 U.S.C. § 7302 (1964) relating to forfeiture of property used in the violation of Internal Revenue laws. United States v. One Assortment of 12 Rifles and 21 Handguns, 313 F. Supp. 641 (N.D.Fla.1970). The court relied on the Fifth Circuit's opinion in United States v. Burch, 294 F.2d 1 (5th Cir. 1961), holding that section 7302 was essentially civil in nature and "should not be burdened with the attributes of a criminal action." Id. at 3.[1] In *12 Rifles and 21 Handguns, supra,* the court held:

This action, being one civil in nature, is governed by a standard altogether different from that governing a criminal prosecution under Title 18, United States Code, Sections 923 and 924(a). Thus, the measure of proof to sustain the position of the government in this type case is by a preponderance of the evidence. Id. at 642. [Citations omitted.]

The court required that the guns be forfeited because the preponderance of the

---

1. The continuing validity of the holding in *Burch* has been seriously impaired by the language of the Supreme Court in United States v. United States Coin & Currency, 401 U.S. 715, 91 S.Ct. 1041, 28 L.Ed.2d 434 (1971) discussed briefly *infra* at 1329.

evidence proved that the guns were used in violation of 18 U.S.C. § 922 et seq. This result was reached notwithstanding the fact that the alleged seller of the guns had been acquitted by a jury of violations of sections 923 and 924(a).

■ Although the complaint alleges a violation of section 922(a) (1) (prohibiting dealing in firearms without a license), there is no evidence of such a violation. The agreed statement of facts establishes beyond any doubt, however, that Briand was a convicted felon within the meaning of 18 U.S.C. App. § 1202(c)(2)[2] and was knowingly in possession of the firearms. Although Briand pleaded nolo contendere and was placed on probation, this satisfies the requirement of conviction. See Ruis-Rubio v. Immigration and Naturalization Service, 380 F. 2d 29 (9th Cir. 1967); State v. Staples, 100 N.H. 283, 124 A.2d 187 (1956). Since 18 U.S.C. App. § 1202(a)[3] does not require that the government prove Briand knew he was a felon as defined by section 1202(c) (2), the government has established a violation of section 1202(a). Cf. United States v. Freed, 400 U.S. 864, 91 S.Ct. 101, 27 L.Ed.2d 102 (1971).

If the issue of the pardon was not present, this would be a clear case requiring forfeiture. Congress in 18 U.S. C. App. § 1201 declared that:

possession * * * of a firearm by felons * * * constitutes * * * a burden on commerce * * * a threat to the safety of the President * * * a threat to the exercise of free speech * * * and a threat to the continued and effective operation of the Government * * *.

This declaration of policy cannot be taken lightly and the purpose of the Act can be fulfilled, often more justly, by a forfeiture action under section 924(d) without a criminal indictment or conviction of the felon in possession. Since section 1202(a) does not require a showing of a knowing and willful violation, the fact that Briand did not know he was a felon is not an excuse, although it is a factor to be considered.

The fact that Briand has been pardoned for the offense committed in 1944, however, injects a unique element into the case. The government argues that the pardon is not relevant for two reasons: (1) the pardon did not occur until after the seizure and after the institution of this action; and (2) 18 U.S.C. App. § 1203(2)[4] requires that the pardon expressly state that the person pardoned is entitled to possess firearms.

The failure of the pardon to expressly state that Briand is authorized to carry firearms is not controlling. Briand was granted a *full* pardon by the Governor and Council of New Hampshire which I construe to mean that Briand is entitled to all the rights accorded any citizen, including the right to possess firearms. If the government's argument is followed to its logical conclusion, it would mean that even if Briand had been pardoned in 1967 before the Gun Control Act was passed, he would be in violation of section 1202(a) because the pardon

2.  Section 1202(c) (2) provides:
    (2) "felony" means any offense punishable by imprisonment for a term exceeding one year, but does not include any offense (other than one involving a firearm or explosive) classified as a misdemeanor under the laws of a state and punishable by a term of imprisonment of two years or less; * * *.

3.  Section 1202(a) provides:
    (a). Any person who—
    (1) has been convicted by a court of the United States or of a State or any political subdivision thereof of a felony, * * *

and who receives [or] possesses * * * any firearm shall be fined not more than $10,000 or imprisoned for not more than two years, or both.

4.  Section 1203 provides in part:
    This title shall not apply to—
    *      *      *      *      *
    (2) any person who has been pardoned by the President of the United States or the chief executive of a State and has expressly been authorized by the President or such chief executive, as the case may be, to receive, possess, or transport in commerce a firearm.

did not expressly state that Briand could possess firearms. A full pardon can only be construed to restore to Briand all his rights, including the right to possess firearms.

The government contends further that to allow the pardon to defeat forfeiture would be to give it retroactive operation contrary to the well settled doctrine that a pardon cannot operate retroactively. In Knote v. United States, 95 U.S. 149, 24 L.Ed. 442 (1877), the Court held that once forfeiture has been ordered by a court and rights have vested in parties other than the owner, a pardon will not operate to return the property or its proceeds to the original owner. The Court also stated, however, that:

> Where, however, property condemned, or its proceeds, have not thus vested, but remain under control of the Executive, or of officers subject to his orders, or are in the custody of the judicial tribunals, the property will be restored or its proceeds delivered to the original owner, upon his full pardon. Id. at 154.

■ Although it is true that the pardon here was for the offense committed in 1944 and not for a violation of the Gun Control Act, the violation of the Gun Control Act is predicated solely on Briand's status as a convicted felon. Since the pardon has the practical effect of excusing a violation of the Gun Control Act, I am of the opinion that it operates to prevent forfeiture. Although Briand was in violation of the law at the time of the guns' seizure, title to the guns cannot vest in the government until so decreed by this court. Forfeiture based on a violation of a criminal act is no different than the imposition of a criminal fine. United States v. United States Coin & Currency, 401 U.S. 715, 91 S.Ct. 1041, 28 L.Ed.2d 434 (1971). To order forfeiture would be to impose a penalty for an offense which the pardon has effectively eliminated, and the basic purpose of a pardon is to prevent the imposition of penalties subsequent to its granting. Ordering forfeiture on the facts here would be to decree that a par-

don granted by the Governor and Council of the State of New Hampshire a year and a half prior to this decision does not effectively prevent the imposition of a penalty arising *solely* because Briand was a convicted felon. It was precisely Briand's record of a convicted felon that the pardon was intended to erase.

It must be noted that the guns here are not stolen guns or sawed-off shotguns or other weapons defined in 26 U.S.C. § 5845 (Supp. V 1969) which must be registered pursuant to 26 U.S.C. § 5841 (Supp. V 1969). Consequently, the guns cannot be termed "contraband" subject to forfeiture as are illegal narcotics, United States v. Jeffers, 342 U.S. 48, 54, 72 S.Ct. 93, 96 L.Ed. 59 (1951), or untaxed whiskey, Trupiano v. United States, 334 U.S. 699, 710, 68 S.Ct. 1229, 92 L.Ed. 1663 (1948). In short, the guns, *in rem*, are not illegal. They become illegal only because Briand was technically a convicted felon in possession of them.

I rule that under these facts the pardon prevents forfeiture. This result is consistent with the recent opinion of the Supreme Court where it made a searching analysis of the constitutional problems arising in forfeiture actions. In United States v. United States Coin & Currency, *supra*, the Court held:

> When the forfeiture statutes are viewed in their entirety, it is manifest that they are intended to impose a penalty only upon those who are significantly involved in a criminal enterprise. Id. at 721, 91 S.Ct. at 1045.

Certainly, Congress could not have intended that this court require forfeiture of a man's property when he comes before the court fully pardoned from the single felony conviction twenty-five years ago that resulted in an unwitting and unintended violation of the Gun Control Act. A technical violation of the law should not be used to deprive a person of his property when he has been pardoned of the offense which gives rise to a violation of the law. Requiring forfeiture under these facts would not only

be unjust, but would also raise serious constitutional questions of due process.

Since the government does not dispute the fact that Briand was the rightful owner or bailee of the firearms, I find that the firearms belong to Edmond Briand, and the government is ordered to return them to him. If the government files an appeal within the period prescribed by law, it may retain possession of the guns pending decision by the Court of Appeals.

So ordered.