William E. EPPS, Jr., Plaintiff,

v.

**BUREAU OF ALCOHOL, TOBACCO &
FIREARMS, etc., Defendant.**

Civ. A. No. 3016.

United States District Court,
E. D. Tennessee,
Northeastern Division.

July 26, 1973.

**346**

Alfred W. Taylor, Milligan College, Tenn., for plaintiff.

John L. Bowers, Jr., U. S. Atty., and Charles N. Steadman, Asst. U. S. Atty., Knoxville, Tenn., for defendant.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

This is an action by the plaintiff Mr. Epps, Jr. seeking the return to him of certain firearms and ammunition seized by agents of the defendant federal bureau and declared forfeited administratively on September 13, 1972. He undertook to invoke the jurisdiction of this Court under 18 U.S.C. ch. 44. The defendant moved to dismiss the action, on the ground, *inter alia*, that this Court lacks jurisdiction over the subject matter. Rule 12(b)(1), Federal Rules of Civil Procedure.

The defendant exhibited with its answer official documents relating to the seizure and forfeiture of the foregoing articles. The plaintiff does not contest the accuracy of any such documents.

■■ Exhibit A thereto reflects that 29 pistols, revolvers [1] and shotguns and 571 rounds of ammunition were seized from the plaintiff by agents of the defendant on July 15, 1972 in Sullivan County, Eastern judicial district of Tennessee, for violation of 18 U.S.C. § 922(a)(1). That statute makes it unlawful " * * * for any person except a * * * licensed dealer * * * to engage in the business of * * * dealing in firearms or ammunition. * * * " *Idem.* It is undisputed that the plaintiff did not, at the pertinent times, have a license to engage in the business of dealing in firearms and ammunition; but, he was acquitted of having violated the provisions of 18 U.S.C. § 922(a)(1) on November 7, 1972, in United States of America, plaintiff, v. William E. Epps, Jr., defendant, criminal action no. 7260, this district and division. Such acquittal on such criminal charge is not a bar to the civil administrative action by the government, which is remedial in nature, arising out of the same facts on which the criminal proceeding was based. Helvering v. Mitchell (1938), 303 U.S. 391, 397, 58 S.Ct. 630, 82 L.Ed. 917, 921 (headnote 2). Forfeiture of goods is a civil sanction, remedial in nature. *Ibid.*, 303 U.S. at 400, 82 L.Ed. at 922 (headnote 6); see also Colacicco v. United States, *infra*, 143 F.2d at 411–412[2].

1. The defendant released nine of such firearms to the plaintiff, as constituting antiques, not subject to seizure.

18 U.S.C. § 924(d), a part of 18 U.S.C. ch. 44, provides that:

* * * Any firearm or ammunition involved in or used or intended to be used in, any violation of the provisions of this chapter or any rule or regulation promulgated thereunder, or any violation of any other criminal law of the United States, shall be subject to seizure and forfeiture and all provisions of the Internal Revenue Code of 1954 relating to the seizure, forfeiture, and disposition of firearms, as defined in section 5845(a) of that Code, shall, so far as applicable, extend to seizures and forfeitures under the provisions of this chapter. * * *

26 U.S.C., ch. 75, subchap. C relates to the seizure, forfeiture and disposition of firearms as defined in § 5845(a) of the Internal Revenue Code of 1954. 26 U.S.C. § 7325 thereof relates to cases of seizure of goods, wares, or merchandise as being subject to forfeiture under the provisions of title 26, U.S.C., " * * * which, in the opinion of the Secretary [of the Treasury] or his delegate, are of the appraised value of $2,500 or less. * * * " Such Secretary or his delegate is under mandate thereunder, except in cases otherwise provided, to proceed, in pertinent parts, as follows:

* * * * * *

*(1) List and appraisement.*—The Secretary or his delegate shall cause a list containing a particular description of the goods, wares, or merchandise seized to be prepared in duplicate, and an appraisement thereof to be made by three sworn appraisers, to be selected by the Secretary or his delegate who shall be respectable and disinterested citizens of the United States residing within the internal revenue district wherein the seizure was made. Such list and appraisement shall be properly attested by the Secretary or his delegate and such appraisers * * *.

*(2) Notice of seizure.*—If such goods are found by such appraisers to be of the value of $2,500, or less, the Secretary or his delegate shall publish a notice for 3 weeks, in some newspaper of the district where the seizure was made, describing the articles and stating the time, place and cause of their seizure, and requiring any person claiming them to appear and make such claim within 30 days from the date of the first publication of such notice.

*(3) Execution of bond by claimant.* — * * * [U]pon the delivery of such bond [to the United States in the penal sum of $250, conditioned that, in the case of condemnation of the articles so seized, the obligors shall pay all the costs and expenses of the proceedings to obtain such condemnation] to the Secretary or his delegate, he shall transmit the same, with the duplicate list or description of the goods seized, to the United States attorney for the district * * *.

*(4) Sale in absence of bond.*—If no claim is interposed and no bond is given within the time above specified, the Secretary or his delegate shall give reasonable notice of the sale of the goods, wares, or merchandise by publication, and, at the time and place specified in the notice, shall, unless otherwise provided by law, sell the articles so seized at public auction, or upon competitive bids, in accordance with such regulations as may be prescribed by the Secretary or his delegate. * * *

Such exhibit A and an appendment thereto reflect further that the foregoing provisions of 26 U.S.C. § 7325(1) were complied with by a delegate of the Secretary of the Treasury under date of July 20, 1972. Exhibit C thereto reflects that the plaintiff was advised by a delegate of such Secretary under date of April 9, 1972, *inter alia,* that an assortment of firearms and ammunition (de-

scribed in an accompanying notice of publication) had been seized as forfeited to the United States; that information had been received by the defendant's office in Nashville, Tennessee that the plaintiff

* * * * * *.

may have an interest in the property, [and] this is to advise you that administrative proceedings have been instituted to perfect its forfeiture * * *;

that notice of the proceeding, as required by law, 26 U.S.C. § 7325(2), *supra*, was scheduled for publication on August 14, 21, 28, 1972 in The Greeneville Sun, Greeneville, Tennessee; that a copy of such notice was attached for the plaintiff's information; that:

If you have an interest in the property and desire judicial determination of the matter at any time, a claim and cost bond must be filed on or before the final claim date. You are cautioned that the timely filing of a claim and cost bond is a necessary condition for obtaining such judicial determination.

Without the timely filing of a claim and cost bond by you or any other person in respect to the property, it wll be administratively forfeited and disposed of according to law. The forfeiture will not be subject to judicial review.

Such exhibit reflected that final claim date to be September 13, 1972.

On the last aforementioned date, the plaintiff forwarded a petition to the defendant, stating that he was the owner of the firearms of the appraised value of $1,290 which had been seized; that he believed such seizure was wrongful and illegal since " * * * he at said time and place of the seizure on July 15, 1972 in Sullivan County, Tennessee, was not violating title 18 U.S.C. Chapter 44 or any other law, Federal or State, * * * and that his innocence will be proven in a Court of competent jurisdic-

tion. * * * " He offered to introduce evidence on a hearing to support his protestation of innocence and stated he stood " * * * ready to pay the costs, if costs are assessed as a condition to the allowance of this Petition. * * * " He prayed to be permitted to file such petition, and that such property be restored to him. No cost bond was filed with such petition, unless the plaintiff's offer " * * * to pay the costs, if costs are assessed as a condition to the allowance of this Petition * * * " may be construed as a cost bond.

The plaintiff avers that he was proceeding in the above manner on the advice of agents and employees of the federal government, who represented to him that no cost bond was required, and that " * * * the quickest and surest way of insuring the return of his property was by that course and not filing a complaint * * *." He contends he has " * * * complied substantially * * * " with the law in asserting his claim.

 Forfeitures are not favored; they should be enforced only when they are within both the letter and the spirit of the law. United States v. $1,963 in United States Money, D.C.Tenn. (1967), 270 F.Supp. 396, 398 [5]. It is provided by 26 U.S.C. § 7325(3) that:

* * * * * *

* * * Any person claiming the goods, wares, or merchandise so seized [as being subject to forfeiture under any provision of title 26 of the Code], within the time specified in the notice, may file with the Secretary [of the Treasury] or his delegate a claim, stating his interest in the articles seized, and may execute a bond to the United States in the penal sum of $250, conditioned that, in case of condemnation of the articles so seized, the obligors shall pay all the costs and expenses of the proceedings to obtain such condemnation * * *.

It appears to this Court that Mr. Epps, Jr., claiming the goods seized as

aforesaid, within the time specified in the notice, filed with a delegate of the Secretary of the Treasury a claim, stating his interest in the articles seized. On April 30, 1973, the plaintiff executed a bond to the United States in the penal sum of $250, conditioned that, in the case of condemnation of the articles seized from him as aforementioned, the plaintiff and the sureties on such bond will pay all the costs and damages of the proceedings to obtain such condemnation. 26 U.S.C. § 7325(3). An attorney for the defendant bureau advised counsel for the plaintiff by letter of May 8, 1973, *inter alia,*

&ast; &ast; &ast; &ast; &ast; &ast;

&ast; &ast; &ast; A petition requesting return of the seized property was filed by your client &ast; &ast; &ast;. Since that document was entitled "Petition," was not accompanied by a cost bond, and did not request transfer of the forfeiture proceedings to the District Court, the property was forfeited as provided by law. The petition was duly considered and denied by the Director, Bureau of Alcohol, Tobacco and Firearms.

Since the cost bond was not timely filed, it is ineffective, and cannot now be accepted.

&ast; &ast; &ast; &ast; &ast; &ast;

■ Defendant's agency counsel appears to have misconstrued the applicable law. Whereas, a person claiming the goods, wares, or merchandise is required " &ast; &ast; &ast; to appear and make &ast; &ast; &ast; claim within 30 days from the date of the first publication of &ast; &ast; &ast; notice &ast; &ast; &ast; " in some newspaper of the district where the seizure was made, 26 U.S.C. § 7325(2), the immediately subsequent subsection of that statute, relating to the execution of a bond by the claimant, conditioned as stated, appears to

have no such time limitation attached to it, 26 U.S.C. § 7325(3). In the latter subsection, " &ast; &ast; &ast; the language used by [the] Congress should be construed as narrowly as possible &ast; &ast; &ast;." United States v. One Bally Golden Gate, D.C.Va. (1964), 225 F.Supp. 552, 554.

■ Such demand for a narrow construction of 26 U.S.C. § 7325(3) must be carried forward to a consideration of 26 U.S.C. § 7325(4), providing that: " &ast; &ast; &ast; If no claim is interposed *and* no bond given within the time &ast; &ast; &ast; " (emphasis supplied) specified in the preceding subsection of the statute, the Secretary of the Treasury, or his delegate must then proceed to give notice and sell the forfeited articles in a certain manner.[2] That subsection appears to allude to situations in which *no claim was filed* and no bond was given. It appears that when a timely claim has been filed and the bond has been given, then neither forfeiture nor sale is to ensue, but the seizing officers are required to refer the matter to the pertinent United States attorney for condemnation by libel *in rem* proceedings.

■. The sole purpose of the bond provision in 26 U.S.C. § 7325, and what it was designed to meet, was an occasion where the value of property seized as subject to forfeiture for a violation of the internal revenue laws is so small that the government's putative loss may not be recovered, if it develops that the condemnation proceedings were unnecessary because the seizure was warranted. Colacicco v. United States, C.C.A.2d (1944), 143 F.2d 410, 411–412, opinion by the late Judge Learned Hand, certiorari denied (1944), 323 U.S. 763, 65 S. Ct. 116, 89 L.Ed. 611. Here, the appraised value of the articles seized is $1,290; the plaintiff claims they are worth more than $2,500.

---

2. It was represented to the Court by counsel for the defendant at oral argument herein of April 26, 1973 that no such notice of sale has been given; rather, that the seized articles remain in the custody of the clerk of this Court as exhibits in criminal action no. 7260, this district and division.

**350**

Judge Hand stated that § 3724 of 26 U.S.C.A. Int.Rev.Code (26 U.S.C. § 7325) " * * * applies to forfeitures for violations of the Revenue Laws and therefore presupposes that the Treasury has suffered some loss. * * *" *Ibid.*, 143 F.2d at 411. It appears to this Court that the only loss in revenue which the Treasury Department suffered in this instance is the loss of a fee for a firearms and ammunition dealer's license. The bond of the plaintiff protects the Treasury from further loss by an unnecessary condemnation proceeding in this Court.

Clearly, before this Court can acquire jurisdiction for a judicial review of the validity of the forfeiture, there must be compliance with 26 U.S.C. § 7325. United States v. Filing, C.A.6th (1969), 410 F.2d 459, 461–462 [5]. Mr. Epps, Jr. filed his claim within the time specified in the notice, stating his interest in the articles seized; he, thus, appeared and made his claim within the time period allowed by statute. Now that he has delivered the bond required by 26 U.S.C. § 7325(3) to the delegate of the Secretary of the Treasury,[3] such delegate is mandated by statute to transmit a duplicate list or description of the goods seized to the United States attorney for this district. *Idem.*

The defendant's motion of March 19, 1973 for a dismissal of this action for jurisdictional reasons hereby is denied. The forfeiture of September 13, 1972 of the plaintiff's goods by such delegate hereby is vacated. The director of the bureau of alcohol, tobacco and firearms of the Treasury Department of the United States hereby is directed to perform his duty owed to the plaintiff under 26 U.S.C. § 7325(3), by forthwith transmitting to the United States attorney for this district a duplicate list or description of the goods seized from the plaintiff on July 15, 1972. 28 U.S.C. § 1361.

3. Such bond was filed as an exhibit to the plaintiff's supplemental memorandum of May 21, 1973 and is now a part of the records of this Court, after having been returned to plaintiff's attorney by the defendant agency's counsel.