UNITED STATES of America, Plaintiff, Appellee, Cross-Appellant,

v.

EIGHTY-SIX FIREARMS AND TWENTY-TWO ROUNDS OF AMMUNITION et al., Defendants, Appellants, Cross-Appellees.

Nos. 78–1500, 78–1544.

United States Court of Appeals, Tenth Circuit.

Submitted March 11, 1980.
Decided May 19, 1980.

**644**

Charles V. Foor, McAlester, Okl., for appellants, cross-appellees.

Julian K. Fite, U. S. Atty., John R. Osgood, Asst. U. S. Atty., Muskogee, Okl., for appellee, cross-appellant.

Before SETH, Chief Judge, and McWILLIAMS and BARRETT, Circuit Judges.

PER CURIAM.

This is an appeal from an action under 18 U.S.C. § 924(d) to forfeit firearms. The lower court found that respondent, a licensed firearms dealer, had unlawfully sold handguns to undercover agents on two separate occasions. The court failed to find, however, that respondent would have done the same with the long guns in the shop. *See* I Rec. at 160–63. The lower court thus ordered forfeiture of the handguns but not the long guns. Respondent appeals, challenging the forfeiture of the handguns. The government cross-appeals the failure to order forfeiture of the long guns. We affirm as to the handguns and reverse as to the long guns.

Forfeiture actions under 18 U.S.C. § 924(d) are civil proceedings. *Glup v. United States*, 523 F.2d 557 (8th Cir.). The government's burden is to establish its case by a preponderance of the evidence. *United States v. One Assortment of 12 Rifles & 21 Handguns*, 313 F.Supp. 641 (N.D.Fla.). In *One Assortment* the trial court upheld forfeiture, finding: "None of the guns here seized was sold to plaintiff's agents although testimony adduced at the trial conclusively showed that they were on display in the same area where the sales were made and no doubt would have been sold . . . had there been a willing buyer." 313 F.Supp. at 641. In our case the lower court found that the handgun transactions were "in plain violation of the law" and that respondent's willingness to sell unlawfully extended to all handguns. There is ample record support for the court's ruling, and it properly ordered forfeiture of all handguns. Respondent's reliance on *United States v. 1,922 Assorted Firearms, Etc.*, 330 F.Supp. 635 (E.D.Mo.), is futile. There the court denied forfeiture because the government failed to establish its case, even under the preponderance-of-evidence standard. Here the government has met that burden.

Concerning the long guns the government provided the following testimony by agent Taylor:

"Q You were discussing the acquisition of a gun for her, not for yourself?

"A Right, for her. And I said I didn't know her that well, but most women couldn't shoot that well with a small gun, maybe she ought to buy a shotgun instead.

.  .  .  .  .

"Q Okay. Go on and tell me what happened next.

"A Okay. He pointed back over his shoulder to a row of shotguns and said

they were in an operable condition and good condition and everything else, but he advised that this would be ideal for her purpose so she could carry it in her purse. . . ."

The long guns were on display for the agents' inspection. While recommending a smaller, purse-size weapon respondent directed the attention of the agents to the long guns. There is little reason to doubt that the long guns would willingly have been sold to the agents if they had asked. There were price tags on them. Under these circumstances the finding of intent applies to the long guns as well as the handguns. The lower court erroneously limited its finding of intent to handguns. As the court in *One Assortment* observed, "the evidence clearly shows that these weapons . . . were 'involved' in the sales made since they were displayed on the premises in view of the prospective buyers." 313 F.Supp. at 642 [quoting section 924(d)].

The judgment is affirmed in part, reversed in part, and remanded for further proceedings consistent with our opinion.