UNITED STATES of America, Appellee,

v.

ONE ASSORTMENT OF 89 FIREARMS, Appellant,

National Rifle Association of America, Amicus Curiae.

No. 81–1055.

United States Court of Appeals, Fourth Circuit.

Argued Nov. 3, 1981.

Decided Jan. 26, 1982.

---

Herbert W. Louthian, Columbia, S.C., for appellant.

Richard E. Gardiner, Springfield, Va., for amicus curiae.

Mary G. Slocum, Asst. U.S. Atty., Columbia, S.C. (Henry Dargan McMaster, U.S. Atty., Columbia, S.C., on brief), for appellee.

Before WINTER, Chief Judge, FIELD, Senior Circuit Judge and CHAPMAN, Circuit Judge.

CHAPMAN, Circuit Judge.

An action for forfeiture was brought by the United States of America against 89 (originally 92) firearms it seized under a search warrant of the premises of Patrick M. Mulcahey. Paragraph 6 of the complaint seeking forfeiture alleges:

That said firearms were had and possessed and used and intended to be used on January 20, 1977, and prior thereto by Patrick M. Mulcahey in Richland County, South Carolina, in violation of the laws of the United States by engaging in the business of a dealer in firearms and ammunition without the said Patrick M. Mulcahey having first applied for and received a license as a dealer in firearms and ammunition as required by 18 U.S.C. 923(a); and said firearms having been used and intended to be used and involved in said unlicensed firearms business in violation of 18 U.S.C. 922(a)(1) and 923(a), thereby became forfeited to the United States under the provisions of 18 U.S.C. 924(d).

The same 89 firearms were introduced as exhibits in Criminal Action 77–00013 brought in the United States District Court for the District of South Carolina by the United States of America against Patrick M. Mulcahey under an indictment charging that he unlawfully and knowingly engaged in the business of dealing in firearms without being licensed in violation of 18 U.S.C. § 922(a)(1) and § 924(a). The criminal case was tried before a jury and resulted in a not guilty verdict on March 16, 1977.

This not guilty criminal verdict was raised as a defense in the forfeiture action, but upon motion of the United States the defense was stricken from defendant's answer. The forfeiture action was then tried without a jury, and the Court concluded:

... [T]he firearms here in question were involved in, used or intended to be used in violation of 18 U.S.C. § 922(a)(1). Such firearms are rendered subject to forfeiture under 18 U.S.C. § 924(d), which forfeiture is hereby ordered. 511 F.Supp. 133 at 139.

In connection with this conclusion, the Court found that these firearms were used by Patrick M. Mulcahey from May 13, 1976, to January 20, 1977, while Mulcahey was engaged in the business of dealing in firearms without being properly licensed. The criminal indictment against Mulcahey charged him with being engaged in the business of dealing in firearms without being licensed to do so from on or about May 12, 1976, up to the return of the indictment on January 19, 1977.

Mulcahey, the claimant in the present action, seeks return of the 89 firearms upon the ground that the jury verdict in the criminal action conclusively settled the issue

that he was not engaged in the business of dealing in firearms without a license, so the firearms could not have been used by him while engaged in such a business without a license.

Mulcahey contends that the present action is barred by the holding in *Coffey v. U. S.*, 116 U.S. 436, 6 S.Ct. 437, 29 L.Ed. 684 (1886). We agree.

Coffey was tried on a criminal charge of violating the revenue laws of the United States by operating a distillery without payment of the required taxes. He was acquitted on this charge, and shortly thereafter the United States sought forfeiture of the distilling equipment. Coffey raised the prior acquittal as a bar to the forfeiture action and the Supreme Court agreed stating at page 442, 6 S.Ct. at page 440:

> The principal question is as to the effect of the indictment, trial, verdict and judgment of acquittal set up in the fourth paragraph of the answer. The information is founded on sections 3257, 3450 and 3453; and there is no question, on the averments in the answer, that the fraudulent acts and attempts and intents to defraud, alleged in the prior criminal information, and covered by the verdict and judgment of acquittal, embraced all of the acts, attempts and intents averred in the information in this suit.

> The question, therefore, is distinctly presented, whether such judgment of acquittal is a bar to this suit. We are of opinion that it is.

At 443, 6 S.Ct. at 440 the Court stated:

> Yet, where an issue raised as to the existence of the act or fact denounced has been tried in a criminal proceeding, instituted by the United States, and a judgment of acquittal has been rendered in favor of a particular person, that judgment is conclusive in favor of such person, on subsequent trial of a suit *in rem* by the United States, where, as against him, the existence of the same act or fact is the matter in issue, as a cause for the forfeiture of the property prosecuted in such suit *in rem*. It is urged as a reason for not allowing such effect to the judgment, that the acquittal in the criminal case may have taken place because of the rule requiring guilt to be proved beyond a reasonable doubt; and that, on the same evidence, on the question of preponderance of proof, there might be a verdict for the United States, in the suit *in rem*. Nevertheless, the fact or act has been put in issue and determined against the United States; and all that is imposed by the statute, as a consequence of guilt, is a punishment therefor. There could be no new trial of the criminal prosecution after the acquittal in it; and a subsequent trial of the civil suit amounts to substantially the same thing, with a difference only in the consequences following a judgment adverse to the claimant.

Coffey was acquitted on a charge of operating a still without paying the necessary tax thereon and could raise this acquittal as a bar to an action for forfeiture of the distilling equipment. Mulcahey was acquitted on a charge of being engaged in the business of dealing in firearms without a license and can raise this acquittal as a bar to the present forfeiture action involving the 89 firearms, since a jury has already found that these 89 firearms were not being used by Mulcahey in the business of dealing in firearms without a license.

The government argues that the present action is controlled by *One Lot Emerald Cut Stones and One Ring v. United States*, 409 U.S. 232, 93 S.Ct. 489, 34 L.Ed.2d 438 (1972), in which the Court held that forfeiture of the ring and stones was not barred by the owner's acquittal on charges of violating 18 U.S.C. § 545 which covers willfully and knowingly, with intent to defraud the United States, smuggling articles into the United States without submitting the same to required customs procedures. The Court found that the second action was not barred because the essential elements of proof in the two actions were not the same. In the criminal action it was necessary to prove a knowing and willful intent to defraud the United States, which was not required in the forfeiture. The Court was careful to point out that if the elements of proof were

the same then the government would be barred. At page 234, 93 S.Ct. at page 491 the Court stated:

Collateral estoppel would bar a forfeiture under § 1497 if, in the earlier criminal proceeding, the elements of a § 1497 forfeiture had been resolved against the government. *Ashe v. Swenson*, 397 U.S. 436, 443 [90 S.Ct. 1189, 1194, 25 L.Ed.2d 469] (1970).

In Mulcahey's criminal proceeding the elements of the present forfeiture were all resolved against the government, so the present action is barred by collateral estoppel.

*One Lot Emerald Cut Stones* did not overrule *Coffey*. The Court in *One Lot Emerald Cut Stones*, at footnote 5 distinguished the two cases as follows:

The difference in the issues involved in the criminal proceeding, on the one hand, and the forfeiture action, on the other, serves to distinguish *Coffey v. United States*, 116 U.S. 436 [6 S.Ct. 437, 29 L.Ed. 684] (1886), relied upon by the District Court in the present case. *Coffey* involved a forfeiture action commenced after an acquittal. This Court noted, in holding the forfeiture barred, that "[t]he information [for forfeiture] is founded on §§ 3257, 3450 and 3453; and there is no question, on the averments in the answer, that the fraudulent acts and attempts and intents to defraud, alleged in the prior criminal information, and covered by the verdict and judgment of acquittal, embraced all of the acts, attempts and intents averred in the information in this suit." *Id.*, at 442 [6 S.Ct., at 440]. The Court specifically distinguished the situation where "a certain intent must be proved to support the indictment, which need not be proved to support the civil action." *Id.*, at 443 [6 S.Ct., at 441]. See also *Stone v. United States*, 167 U.S. 178, 17 S.Ct. 778, 42 L.Ed. 127 (1897).

To support a conviction under 18 U.S.C. § 922(a) the government must prove two essential elements: First: that the defendant, between the dates specified in the indictment, engaged in the business of dealing in firearms (or ammunition); and second: that at the time he engaged in that business he was not a licensed importer, licensed manufacturer, or licensed dealer in firearms. 2 Devitt and Blackmar, *Federal Jury Practice and Instructions* § 59.10.

The same two essential elements must be proved in the forfeiture action. The same firearms that were introduced into evidence in the criminal action are the subject of the forfeiture action. The United States had its day in court on these identical issues in the criminal proceeding and is collaterally estopped by the verdict in that case from pursuing the matter in this forfeiture action.

Title 18, U.S.C. § 924(d) states:

Any firearm or ammunition *involved in or used or intended to be used* in the violation of any of the provisions of this chapter or any rule or regulation promulgated thereunder, or any violation of any other criminal law of the United States, shall be subject to seizure and forfeiture . . . (Emphasis added)

The criminal verdict conclusively decided that the firearms in question were not "involved in or used or intended to be used in the violations of any provision of this chapter."

The government, in addition to *One Lot Emerald Cut Stones*, relies upon *Glup v. United States*, 523 F.2d 557 (8th Cir. 1975), *Epps v. Bureau of Alcohol, Tobacco, and Firearms*, 375 F.Supp. 345 (E.D.Tenn.1973) and *United States v. One (1) 1969 Buick Riviera Automobile*, 493 F.2d 553 (5th Cir. 1974). This reliance is misplaced. In *Glup* the firearms were seized on June 8, 1970 and declared forfeited on August 11, 1970, because Glup had taken no action to contest the seizure and forfeiture. Two years later Glup was indicted on three counts charging violation of 18 U.S.C. § 922(a) and three counts charging him with violation of 18 U.S.C. App. § 1202. The forfeited firearms were used in evidence at the trial on these charges, but none of the six counts involved firearms included in the June 8, 1977 seizure. Glup was acquitted on all six counts by a jury. In *Glup* the forfeiture preceded

the criminal acquittal, and the charges contained in the indictment did not involve the firearms which had been declared forfeited.

In *Epps* the plaintiff was seeking return of certain firearms and ammunition which had been seized and used against him in a criminal proceeding based upon 18 U.S.C. § 922(a), but the Court did not mention the United States Supreme Court decision of *Coffey v. U. S.*, which was still good law as evidenced by footnote 5 in *One Lot Emerald Cut Stones*, a case decided in 1972, the year prior to the *Epps* decision.

In *One (1) 1969 Buick Riviera Automobile*, the individual was charged with importing marijuana, but the criminal charges were dismissed prior to trial, and the Fifth Circuit was careful to point out that no issue had been actually litigated by the dismissal of the prior criminal charge and, therefore, *Coffey* did not apply.

For the reasons set forth above, the Court concludes that the acquittal in the prior criminal action involving the identical facts and essential elements is a bar to the present forfeiture proceeding. Therefore, the judgment of the district court is

REVERSED.

WINTER, Chief Judge, dissenting:

In this appeal, the claimant contends that the forfeiture is barred by his acquittal on the earlier criminal charges. This conclusion is required, he asserts, by both the double jeopardy clause and the doctrine of res judicata because the forfeiture is criminal in nature. Even if the forfeiture is deemed to be civil in nature, he continues, it is barred by the doctrine of collateral estoppel. Based upon its reading of *Coffey v. United States*, 116 U.S. 436, 6 S.Ct. 437, 29 L.Ed. 684 (1886), the majority holds that the forfeiture is barred. I concede that *Coffey* holds that a subsequent *criminal* forfeiture is barred by an earlier acquittal on criminal charges arising out of the same facts and that this aspect of *Coffey* is viable today. I think, however, that more recent Supreme Court decisions compel the conclusion that the forfeiture in the present case is civil and that the doctrine of collateral estoppel

is inapplicable because the standards of proof in criminal and civil proceedings are different. I therefore respectfully dissent.

I.

In a pair of early cases, the Supreme Court held that nominally civil penalty proceedings brought subsequent to criminal proceedings based on the same allegations were barred by the double jeopardy clause. *See United States v. Ulrici*, 102 U.S. 612, 26 L.Ed. 249 (1881); *United States v. Chouteau*, 102 U.S. 603, 26 L.Ed. 246 (1881). And in *Coffey*, the Supreme Court ignored the double jeopardy argument but nonetheless held that a subsequent forfeiture proceeding was barred, relying upon some nonconstitutional doctrine of preclusion. From a reading of *Coffey*, one cannot be certain whether or not the Court deemed the forfeiture proceeding to be criminal in nature, and thus whether the decision was based on res judicata (if so) or on collateral estoppel (if not). *See* 1B J. Moore & T. Currier, *Moore's Federal Practice* ¶ 418[3], at 2855 & n.13 (2d ed. 1980).

It is commonly asserted that a criminal acquittal cannot collaterally estop a contrary finding on any issues in a later civil proceeding because of the differing standards of proof involved. *See, e.g.,* 18 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 4474, at 757 (1981). Logically, the fact that X was not shown beyond a reasonable doubt does not rule out the possibility that X can be shown by a preponderance of the evidence. To the extent that the *Coffey* decision rested on collateral estoppel (*i.e.,* to the extent that the Court held that the forfeiture proceeding was barred even if civil in nature), the Court was rejecting this standard of proof argument.

Subsequent Supreme Court cases, however, interpreted *Coffey* as being based on a belief that the forfeiture there at issue—a forfeiture of illegal liquor—was criminal in nature. *See Helvering v. Mitchell*, 303 U.S. 391, 405–06, 58 S.Ct. 630, 636, 82 L.Ed. 917 (1938); *Murphy v. United States*, 272 U.S.

630, 631–32, 47 S.Ct. 218, 71 L.Ed. 446 (1926); *Stone v. United States*, 167 U.S. 178, 186–87, 17 S.Ct. 778, 781, 42 L.Ed. 127 (1897). And in all three of these cases, the Court very clearly indicated that if the forfeiture proceeding is civil in nature, the standard of proof argument, by itself, is enough to defeat any resort to collateral estoppel. *See Helvering v. Mitchell, supra,* 303 U.S. at 397, 58 S.Ct. at 632 (using "res judicata" in the broad sense, encompassing collateral estoppel); *Murphy v. United States, supra,* 272 U.S. at 632–33, 47 S.Ct. at 219; *Stone v. United States, supra,* 167 U.S. at 188, 17 S.Ct. at 782. Indeed, the rejection of the collateral estoppel argument was so complete that the petitioners in *United States ex rel. Marcus v. Hess,* 317 U.S. 537, 63 S.Ct. 379, 87 L.Ed. 443 (1943), and *Rex Trailer Co. v. United States,* 350 U.S. 148, 76 S.Ct. 219, 100 L.Ed. 149 (1956), did not even press it, confining themselves instead to arguing that the subsequent proceeding was criminal in nature. The collateral estoppel argument *was* raised in *One Lot Emerald Cut Stones v. United States,* 409 U.S. 232, 93 S.Ct. 489, 34 L.Ed.2d 438 (1972), but the Court rejected it on two alternative grounds. First, the Court stated that the criminal proceeding involved an issue of intent not present in the forfeiture proceeding. *Id.* at 234–35, 93 S.Ct. at 491–92. Second, and more important for our purposes, the Court stated that the difference in the standards of proof in the two proceedings precluded application of the doctrine of collateral estoppel. *Id.* at 235, 93 S.Ct. at 492.

Thus, it can be said today that "[p]roblems arise only when it is asserted that a nominally civil action brought by the government involves an element of punishment that runs afoul of double jeopardy principles." 18 C. Wright, A. Miller & E. Cooper, *supra,* § 4474, at 749. Every time the Supreme Court has faced this double

jeopardy question since *Coffey,* it has deemed the later proceeding to be civil in nature and thus upheld the forfeiture or penalty. *See One Lot Emerald Cut Stones v. United States, supra,* 409 U.S. at 235–37, 93 S.Ct. at 492–93; *Rex Trailer Co. v. United States, supra,* 350 U.S. at 151–52, 76 S.Ct. at 221; *United States ex rel. Marcus v. Hess, supra,* 317 U.S. at 548–52, 63 S.Ct. at 386–88; *Helvering v. Mitchell, supra,* 303 U.S. at 398–405, 58 S.Ct. at 632–636; *Murphy v. United States, supra,* 272 U.S. at 631–32, 47 S.Ct. at 218; *Stone v. United States, supra,* 167 U.S. at 187–88, 17 S.Ct. at 781–82. The same result has been reached in the clear majority of lower court decisions addressing the question. *See* cases cited in 1B J. Moore & T. Currier, *supra,* ¶ 418[3] (2d ed. 1980 & 1980–81 Cum. Supp.).[1]

*Marcus* is a good example of the Supreme Court's handling of the question. There, the Court held that a penalty proceeding for defrauding the government by collusive bidding did not violate the guarantee against double jeopardy even though the defendants had been charged and convicted for a crime based on the same allegations. Relying upon the general principles discussed in *Mitchell,* which held that Congress may impose both a criminal and civil sanction in respect to the same act or omission, the Court said that the issue in each case was a statutory one—was the forfeiture or penalty criminal or remedial? The penalty in *Marcus* was held to be civil—and therefore constitutionally permissible—because its purpose was to reimburse the government for monies of which it had been defrauded.

*One Lot* developed this concept further. In that case an acquitted smuggler contended that a nominally civil proceeding brought for the forfeiture of the allegedly

1. *Coffey* has never, however, been overruled. Though *Coffey* has been sharply criticized, *see* cases cited in 1B J. Moore & T. Currier, *supra,* ¶ 418[3], at 2854 n.12 (2d ed. 1980), an occasional lower court decision follows it, deems a nominally civil forfeiture or penalty proceeding to be criminal in nature, and deems the forfei-

ture or penalty proceeding to be barred because a criminal proceeding had previously been brought, *see* cases cited in *id.* ¶ 418[3], at 2851 n.1, 2856 n.16 (2d ed. 1980 & 1980–81 Cum. Supp.). Most of these cases, like *Coffey,* dealt with illegal liquor.

smuggled goods was actually criminal, and thus prohibited by the double jeopardy clause. The Court held that it was not a violation of the double jeopardy clause to punish a wrongdoer both criminally and civilly, and that the forfeiture was a civil proceeding because its purpose was to aid in the enforcement of tariff regulations by preventing smuggled merchandise from circulating in the United States.

### III.

*One Lot*, in my view, is controlling here. The forfeiture statute here, 18 U.S.C. § 924(d), was manifestly designed to aid in the enforcement of gun control laws by preventing the circulation of firearms which had been illegally obtained. *One Lot* thus compels the conclusion that the forfeiture at issue here is civil in nature,[2] so that the double jeopardy and res judicata claims must be rejected. It matters not, despite the majority's views, that the necessary allegations in the criminal proceeding and the forfeiture proceeding were identical. *One Lot* also compels the conclusion that the difference in the standards of proof in the two proceedings obviates the collateral estoppel claim.[3]

The two courts that have addressed the precise question presented in this case have stated that the § 924(d) forfeiture proceeding is not barred. *See Glup v. United States*, 523 F.2d 557 (8 Cir. 1975) (dictum);

*Epps v. Bureau of Alcohol, Tobacco and Firearms*, 375 F.Supp. 345 (E.D.Tenn.1973), aff'd without opinion, 495 F.2d 1373 (6 Cir. 1974). The majority attempts to distinguish these two cases. As for *Glup*, the majority points out that there, unlike in the present case, different firearms were involved in the criminal proceeding than were involved in the forfeiture. This observation is correct, and that apparently renders the court's discussion in *Glup* dictum. But, although dictum, the Eighth Circuit explicitly stated that § 924(d) forfeitures are civil in nature, thereby disposing of the double jeopardy and res judicata arguments, and also stated: "Even assuming, *arguendo* that the criminal trial and the forfeiture involved some of the same firearms, the collateral estoppel doctrine, which is at the core of the appellant's present contention, does not apply." 523 F.2d at 561. Not surprisingly, the reason the court gave for this last conclusion was the difference in the standards of proof involved in the two proceedings. *Id.* As for *Epps*, the majority notes that it fails to mention *Coffey*. But that is of no significance since *Coffey*, as I have already indicated, is inapposite.

### IV.

In my view of the case, I am brought finally to claimant's contention that the district court's factual findings should be set aside on appeal. The government argues

---

**2.** Many cases have held that the preponderance-of-the-evidence standard applies in § 924(d) forfeitures because they are civil in nature. *See, e.g., United States v. Eighty-Six Firearms*, 623 F.2d 643 (10 Cir. 1980); *United States v. 1,922 Assorted Firearms*, 330 F.Supp. 635 (E.D.Mo.1971); *United States v. One Assortment of 12 Rifles*, 313 F.Supp. 641 (N.D.Fla. 1970).

**3.** This is the point on which the majority and I differ. The majority relies on the statement in *One Lot* that: "Collateral estoppel would bar a forfeiture under § 1497 if, in the earlier criminal proceeding, the elements of a § 1497 forfeiture had been resolved against the Government." 409 U.S. at 234, 93 S.Ct. at 491. (citation omitted). The majority also relies on a footnote in *One Lot* in which the Court distinguished *Coffey* on the ground that the criminal proceeding and the forfeiture there involved

identical allegations, rather than on the ground that the forfeiture there was criminal in nature. *See id.* at 235 n.5, 93 S.Ct. at 492 n.5. Viewed in isolation, these two snippets support the majority. But they cannot be read in a vacuum. In the course of the same discussion, the *One Lot* Court advanced the standard of proof argument as an independent ground for rejecting the invocation of collateral estoppel. *See id.* at 235, 93 S.Ct. at 492. Moreover, if the *One Lot* Court rejected the standard of proof argument, it broke with the explicit reasoning of a half-dozen cases decided by the Supreme Court since *Coffey*. *One Lot* contains not the slightest hint, however, that the Court thought that is what it was doing. The majority declines even to mention *One Lot's* discussion of standards of proof or a single one of the Supreme Court cases that intervened between *Coffey* and *One Lot*.

that the scope of review is limited to a determination of whether the district court abused its discretion. There is a dearth of authority on the question of the scope of review. I would be inclined to hold that the proper scope of review is the "not clearly erroneous" test of Rule 52, Fed.R.Civ.P., but I would find it unnecessary to decide the issue here, because I think that the district court's findings pass either test.

I would affirm the judgment of the district court.