**Lawrence LeRoy RAMSEY, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 18861.**

United States Court of Appeals
Ninth Circuit.

March 16, 1964.

Hillel Chodos, Beverly Hills, Cal., for appellant.

Francis C. Whelan, U. S. Atty., Donald A. Fareed, Asst. U. S. Atty., Chief, Civil

Div., and Gordon P. Levy, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before BARNES, JERTBERG and MERRILL, Circuit Judges.

BARNES, Circuit Judge:

This is a forma pauperis appeal from a summary judgment rendered below (under Fed.R. Civ.Proc. 56) involving two weapons (guns) [1] and two motor vehicles,[2] seized by the United States Government from appellant, Lawrence LeRoy Ramsey.

The findings in this case were that the weapons were seized under authority of Title 26, U.S.C. § 7301 et seq.; that the two vehicles were seized under 49 U.S.C. § 781 et seq.; that appellant did not file claims or post bond for either weapons or vehicles "as provided for in Title 26 U.S. C. § 7325" (Findings I to IV); that defendant caused notice of forfeiture of the weapons to be published in accordance with 26 U.S.C. § 7325, and specified that appellant was required to file a claim and cost bond or petition for remission of forfeiture not later than February 7, 1962 (Finding VI), and that defendant caused notice with respect to the vehicles to be published under 19 U.S.C. § 1608 (sic) [3] and 49 U.S.C. § 784, and specified October 30, 1961, as the last day for filing claim and cost bond, or petition for remission (Finding V), but that appellant had not filed any petition for remission seeking a return of the forfeited property until July 10, 1962, that "this petition was voluntarily withdrawn by plaintiff by fifteen day notice dated August 9, 1962;" that before the fifteen days expired, and on August 13, 1962, the Director of the Alcohol & Tobacco Tax Section of the Internal Revenue Service had denied appellant's petition for remission (Finding X).

Appellant filed this action for the return of the weapons and vehicles, or in the alternative, for money damages equal to their value, and damage for "loss of use."

The summary judgment awarded the government was based on the theory that appellant had not exhausted his administrative remedies below to recover the articles; that such remedy was exclusive, that the weapons were "contraband articles" and the vehicles which transported them thereby became "contraband articles" as defined in 49 U.S.C. § 781; that both weapons and vehicles had been *forfeited* in a lawful manner, and that whether or not they were *seized* by the government in an unlawful manner was immaterial; that plaintiff waived all objections of a constitutional nature under the Fourth and Fifth Amendments, "by his failure to raise such objections in the administrative procedure for forfeiture."

As the findings indicate, another action preceded this instant one, and it is necessary to ascertain what was there done. In United States v. Lawrence LeRoy Ramsey, Case No. 30201, Criminal, D.C., in the United States District Court, Southern District of California, Central Division, the defendant was charged with a violation of 26 U.S.C. § 5851, illegal possession of firearms. He moved for the return of certain seized property, and the suppression of that evidence, taken from his home on September 30, 1961, in the City of Hemet, California. He claimed the evidence had been taken from his premises after a search had been made without a valid search warrant, *i. e.*, one insufficient on its face (Fed.R. Crim.Proc. 41(e)).

The district court on April 26, 1962, granted Ramsey's motion to suppress; denied the motion for return of the seized property, and denied the motion to dismiss.

Thereafter, and on May 7, 1962, the United States Attorney voluntarily dis-

---

1. Five guns and a silencer were originally seized. Only the ".410 cane shotgun" and one ".41 caliber chrome dueling pistol, without firing pin," are the weapons sought to be recovered by this litigation. The three other guns and the silencer have allegedly been destroyed by the government.

2. A 1946 Willys Jeep and a 1957 Ford Pickup Camper Truck.

3. 19 U.S.C. § 1607.

**434**

missed four counts against appellant in Case No. 30201 C.D.[4]

The motion to suppress was granted, said the district court in its order of April 26, 1962, because the search and seizure was unauthorized by law, in that "the affidavit in support of the search warrant did not state probable cause for the issuance of said warrant."

In the government's brief, in this case, with respect to the weapons, it was stated: " * * * publication of notice of seizure was made pursuant to Title 26, U.S.C. § 7325," and, as we have seen, the summary judgment here granted recited appellant's failure to comply with the provisions of § 7325.

Upon oral argument, government counsel moved for leave to twice "correct" the

government's brief, to allege (p. 2, lines 9 and 10, and p. 7, last ¶) that the publication of notice of seizure was made pursuant to 19 U.S.C. § 1607.

Title 19, U.S.C. § 1607, provides for notice of seizure of certain articles, and the intention of the government to forfeit and sell them. The "certain articles" are by 19 U.S.C. § 1602, defined as "merchandise or baggage subject to seizure for violation of *the customs laws.*" We cannot understand how the government can contend such custom laws are applicable in this case, and no explanation was given to this court on oral argument, save for one significant fact—that 19 U.S.C. § 1606 [5] requires the services of but one appraiser; while 26 U.S.C. § 7325 [6] requires an appraisement of the

4. We assume four counts were all the counts charged against appellant in the Case No. 30201 C.D. proceeding. The complaint in that matter is not before us on this appeal.

5. "§ 1606. *Same; appraisement*
"The collector shall require the appraiser to determine the domestic value, at the time and place of appraisement, of any vessel, vehicle, merchandise, or baggage seized under the customs laws."

6. "§ 7325. *Personal property valued at $2,500 or less*
"In all cases of seizure of any goods, wares, or merchandise as being subject to forfeiture under any provision of this title which, in the opinion of the Secretary or his delegate, are of the appraised value of $2,500 or less, the Secretary or his delegate shall, except in cases otherwise provided, proceed as follows:
"(1) *List and appraisement.*—The Secretary or his delegate shall cause a list containing a particular description of the goods, wares, or merchandise seized to be prepared in duplicate, and an appraisement thereof to be made by three sworn appraisers, to be selected by the Secretary or his delegate who shall be respectable and disinterested citizens of the United States residing within the internal revenue district wherein the seizure was made. Such list and appraisement shall be properly attested by the Secretary or his delegate and such appraisers. Each appraiser

shall be allowed for his services such compensation as the Secretary or his delegate shall by regulations prescribe, to be paid in the manner similar to that provided for other necessary charges incurred in collecting internal revenue.
"(2) *Notice of seizure.*—If such goods are found by such appraisers to be of the value of $2,500 or less, the Secretary or his delegate shall publish a notice for 3 weeks, in some newspaper of the district where the seizure was made, describing the articles and stating the time, place, and cause of their seizure, and requiring any person claiming them to appear and make such claim within 30 days from the date of the first publication of such notice.
"(3) *Execution of bond by claimant.* —Any person claiming the goods, wares, or merchandise so seized, within the time specified in the notice, may file with the Secretary or his delegate a claim, stating his interest in the articles seized, and may execute a bond to the United States in the penal sum of $250, conditioned that, in case of condemnation of the articles so seized, the obligors shall pay all the costs and expenses of the proceedings to obtain such condemnation; and upon the delivery of such bond to the Secretary or his delegate, he shall transmit the same, with the duplicate list or description of the goods seized, to the United States attorney for the district, and such attorney shall proceed thereon in the ordinary manner prescribed by law.
"(4) *Sale in absence of bond.*—If no claim is interposed and no bond is given

property seized by three sworn appraisers. *Before* the publication of any notice, such appraisers must find the property to be of the value of $1,000 or less.

Appellant urges upon us the fact that three appraisers were never appointed;[7] that there was no compliance with § 7325, either with respect to the number of appraisers, notice, or public auction. This claim was not denied by government counsel on oral argument.

■ The requested motion to "correct" the appellee's brief will not aid appellee. To make the change in the brief would not change the procedure actually followed prior to the purported forfeiture. We have been advised of no reason why the seized articles can be claimed to have been seized under 19 U.S.C. § 1602 *et seq.* (customs), and not under 26 U.S.C. § 7302, *et seq.* (taxation), as charged and as alleged in defense of this suit, and as originally asserted in the government's brief. The motion to "correct" is denied.

If the seizure was under 49 U.S.C. § 781, the guns were required to fall within the definition of "contraband articles" in said section. This rests upon a violation of "any provision of the National Firearms Act or any regulation issued pursuant thereto."

But neither in the motion for summary judgment, nor in any information supplied by answers to interrogatories, did the government assert the seizure occurred under 49 U.S.C. § 781. The only sections relied upon in answer to interrogatories upon which to base the seizure were:

(a) 26 U.S.C. § 5862 (Internal Revenue Code, Chapter 53, Machine Guns and Other Firearms);[8]

(b) 26 U.S.C. § 7325 (provision for appraisement);

(c) 19 U.S.C. § 1618 (remission of penalties in customs' seizures).

■ The findings, however, as we have seen before, do not state or find the *weapons* were contraband articles under 49 U.S.C. § 781; but only taxable items under 26 U.S.C. § 7301 *et seq.* The *vehicles* were found contraband articles under 49 U.S.C. § 781, but only under the theory they carried contraband weapons, a fact never established by proof, or found as a fact in the court below. Thus the basis for the legality (or illegality) of "contraband because carrying contraband" was never the subject of a finding.

Nor do we believe it could be, on the record before us, and before the trial court.

In the "Memorandum of Points and Authorities" filed in support of the government's motion for a summary judgment, there appears the following:

"Another question of fact is whether the two weapons now in the possession of the United States come within the meaning of either contraband or 'firearms' under the Firearms Act, Internal Revenue Code of 1954 (Title 26 U.S.C.A. § 5801 et seq.). Section 179.35 of Title 26,

---

within the time above specified, the Secretary or his delegate shall give reasonable notice of the sale of the goods, wares, or merchandise by publication, and, at the time and place specified in the notice, shall, unless otherwise provided by law, sell the articles so seized at public auction, or upon competitive bids, in accordance with such regulations as may be prescribed by the Secretary or his delegate."

7. The record before us and before the court below is silent as to the number of appraisers appointed, or reporting, if any.

8. Generally, "firearms," as defined in § 5848, means a shotgun or rifle with a barrel less than 18″ in length. Excepted are "pistols and revolvers" (Subd. 1 and 5). This is a taxing statute, and the chapter does not apply to "the transfer of any firearm which is unserviceable and which is transferred as a curiosity or ornament." (Section 5812(a) (3).) Into which class did the weapons here fall?

Code of Federal Regulations, indicates that pistol does not include gadget devices, guns altered or converted to resemble pistols, or small portable guns * * * firing fixed shotgun or fixed rifle ammunition. This is important because Title 26 U.S.C. § 5848 which defines firearms, under the National (illegal) Firearms Act, excludes a pistol. Under § 179.35 of Title 26 C.F.R., the smoothbore chromed pistol is a 'gun altered or converted' to resemble pistols, or a gun 'firing fixed shotgun' ammunition.

"As for the cane gun, a perusal of this weapon will .indicate that it is clearly a weapon or device 'capable of being concealed on the person * *'. Thus Title 26 U.S.C.A. § 5848(5) would include plaintiff's cane gun as a firearm.

"Since both weapons come within the National Firearms Act of 1954, it is necessary that they be registered pursuant to Title 26 U.S.C. § 5841. Patently, they have not been, and it is noted that plaintiff does not allege that these weapons have been registered under the Firearms Act in his Complaint. Since the issue is not raised in the pleadings, no affidavit has been presented by the defendant on this point, but plaintiff will undoubtedly concede that his client has not registered these two weapons under Title 26 U.S.C.A. § 5841.

"Thus it can be seen that the issues of fact which are unresolved can be readily disposed of as a matter of law."

Thus serious questions of fact are presented by the government, but *"no affidavit has been presented by the defendant [government] on this point,"* suggesting that perhaps the plaintiff would "concede" the point. No concession was made.

██ *No affidavits of any kind were filed in support of the motion for summary judgment.* While this is not fatal (Fed.R.Civ.Proc. 56), we note appellant did file an affidavit opposing the motion. It relates largely to the question of exhaustion of remedies. Appellant did, however, in his opposition to the motion, directly raise the factual question which the government has suggested appellant might concede, i. e., whether either of the two weapons here involved *is* an illegal firearm as defined by 26 U.S.C. § 5848. This issue of fact, as we have seen, went directly to the heart of plaintiff's case, and the government's defense. Neither of the weapons were introduced into evidence, or described in any detail. There is no proof or finding of one, or three, or any "appraisements." There is no proof or finding of fact that either vehicle or either weapon was "a contraband article." Finding of Fact I, that "the weapons * * * were seized under authority * * * of 26 U.S.C. § 7301 et seq.," and Finding of Fact III that "The vehicles * * * were seized under authority * * * of * * * 49 U.S.C. § 781, et seq.," is a pure conclusion of law, and recites no fact to make a sufficient finding of fact.

We conclude therefore that the findings made in support of the summary judgment are not supported by the evidence; the findings of fact must be, and are, vacated, and the judgment based thereon set aside.

██ There having been no proper forfeiture of the weapons proved, there was, on the record before us, no failure of the appellant to reasonably act to claim his rights, and no deadline affecting him was created by statute.

We think the kindest thing to say is that this whole proceeding is so shot through with slipshod procedures and carelessness that appellant is entitled to a new trial. We so rule. The cause is reversed and remanded for further proceedings.

We take this opportunity to thank appointed counsel for appellant on his excellent performance as counsel for the indigent plaintiff, which we think is in accordance with the highest traditions of the American Bar.