**Dale Paul GLUP, Appellant,**

v.

**UNITED STATES of America et al., Appellees.**

No. 75–1215.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 11, 1975.

Decided Oct. 3, 1975.

---

Robert F. Craig, Kennedy, Holland, DeLacy & Svoboda, Omaha, Neb., for appellant.

Michael L. Schleich, Asst. U. S. Atty., Omaha, Neb., for appellees.

Before MATTHES, Senior Circuit Judge, and HEANEY and STEPHENSON, Circuit Judges.

MATTHES, Senior Circuit Judge.

This action arises from a summary forfeiture proceeding instituted by the Secretary of the Treasury under 26 U.S.C. § 7325,[1] which resulted in eighty-nine firearms seized from Dale Paul Glup being declared forfeited. Glup, plaintiff-appellant, filed a complaint in the United States District Court for the District of Nebraska seeking return of the eighty-nine firearms seized from him on June 8, 1970. The district judge [*] filed an unpublished memorandum opinion that incorporated his findings of fact and conclusions of law and thereupon granted the Government's motion for summary judgment.

In this appeal, appellant relies upon two grounds for reversal: first, that the summary forfeiture proceedings were fatally defective and did not comport with the requirements of 26 U.S.C. § 7325 and secondly, that he is entitled to return of the weapons by reason of his acquittal of alleged criminal activity. We hold that both contentions lack merit and accordingly affirm.

To explain the nature of the controversy, we review the relevant facts which are undisputed. The seizure of the eighty-nine firearms was accomplished at appellant's residence on June 8, 1970 by United States Treasury agents acting pursuant to a search warrant. On June 10, 1970, two appraisers examined the firearms and valued them at $2,200.40. The two appraisers then consulted with a third appraiser, who had not examined the firearms, but who concurred in their valuation, and all three appraisers signed the appropriate form.

By letter dated June 30, 1970, appellant was notified that the firearms had been seized and forfeited to the United States for violation of 18 U.S.C. Chapter 44.[2] This letter informed appellant that he would have to timely file a claim and cost bond if he desired judicial adjudication of the matter. Notice of the forfeiture proceedings was also published in the Daily Record of Omaha, Nebraska as required by 26 U.S.C. § 7325(2). Appel-

---

[*] Honorable Robert V. Denney.

1. 26 U.S.C. § 7325 sets out the following procedures:

(1) Appraisal by three sworn appraisers and the making of an appraisal list properly attested by the Secretary and the appraisers.

(2) If the value of the goods is $2,500 or less, publication for 3 weeks in a newspaper where the seizure was made describing the articles and the circumstances of the seizure and requiring any person claiming them to appear and make a claim within 30 days from the date of first publication.

(3) The right of any person making a claim within 30 days to execute a bond for $250 for the purpose of thereby removing the forfeiture proceedings to the district court for disposition "in the ordinary manner prescribed by law."

(4) If no claim is made and no bond given, sale of the goods at public auction or by competitive bids upon reasonable notice by publication.

2. 18 U.S.C. Chapter 44 contains 18 U.S.C. §§ 921 through 928. It defines as unlawful various acts relating to the receipt, possession, manufacture, and sale of firearms.

Section 924(d), entitled "Penalties," provides:

Any firearm or ammunition involved in or used or intended to be used in, any violation of the provisions of this chapter or any rule or regulation promulgated thereunder, or any violation of any other criminal law of the United States, shall be subject to seizure and forfeiture and all provisions of the Internal Revenue Code of 1954 relating to the seizure, forfeiture, and disposition of firearms, as defined in Section 5845(a) of that Code, shall, so far as applicable, extend to seizures and forfeitures under the provisions of this chapter.

lant was advised of the publication and received a copy thereof. Appellant took no action to forestall or contest the summary proceedings and on August 11, 1970, a forfeiture was declared.

Shortly thereafter, on August 24, 1970, appellant was indicted under 18 U.S.C. §§ 922(a)(1) and 924(a) and 26 U.S.C. §§ 5861(a) and 5871. This indictment was later dismissed. Approximately two years later, on July 9, 1972, a six-count indictment was returned against appellant. Three counts charged appellant with violating 18 U.S.C. § 922(a) and three counts charged him with violating 18 U.S.C.App. § 1202. The previously forfeited eighty-nine firearms were used in evidence at the trial of these charges, but none of the six counts involved firearms included in the June 8, 1970 seizure. In September 1973, appellant was acquitted of all six counts by a jury. The acquittal apparently precipitated the filing of this action on October 10, 1973.

Appellant contends that the forfeiture was a nullity because the firearms were examined and appraised by only two appraisers and that he has therefore been deprived of property without due process of law. The Government submitted an affidavit to the district court from Mr. Irving M. Hoberman, the appraiser who had not viewed the property prior to the filing of the appraisement form. In this affidavit, Mr. Hoberman stated that although he did not see the guns at the time of the appraisal, he did discuss in detail the type and condition of each with the two appraisers who did view the guns and that the three agreed upon a final price for each on the basis of that discussion. Mr. Hoberman also stated that on November 12, 1974, he examined all the seized property and concluded that his original appraisal in 1970 was correct.

The district court found that the procedural defect in the forfeiture proceeding was not jurisdictional, nor did it mean that notice was constitutionally defective. Because of the technical nature of the claimed defect and the fact that appellant had deliberately failed to contest the administrative forfeiture, the court held that plaintiff had waived any right to judicial review.

### A.

### Judicial Review of the Lawfulness of the Summary Administrative Forfeiture.

Initially we must decide whether, under the facts and circumstances of this case, appellant can obtain judicial review of the lawfulness of the summary administrative forfeiture.[3] The case law seems clear that the procedure outlined by Congress in 26 U.S.C. § 7325[4] for removing an administrative forfeiture proceeding to the district court upon filing with the agency a timely claim and a $250 bond is the only means of bringing the merits of a pending forfeiture before the district court. *United States v. Filing*, 410 F.2d 459 (6th Cir. 1969) involved similar facts. There, as in this case, defendant sought return of seized property after the time for filing claims had elapsed. The court stated:

> Suffice it to say that he [the district judge] was without jurisdiction to proceed on the motion to return the property seized. Congress has provided an adequate remedy for persons claiming an interest in property involved in a forfeiture proceeding. 26 U.S.C. § 7325. By exhausting that remedy a

---

3. The complaint invoked jurisdiction under the Tucker Act, 28 U.S.C. § 1346(a)(2). This provision has been held to confer jurisdiction over the claim that a forfeiture proceeding has resulted in a deprivation of property without due process of law. See *Simons v. United States*, 497 F.2d 1046, 1049 (9th Cir. 1974); *Jaekel v. United States*, 304 F.Supp. 993 (S.D.N.Y.1969).

After filing his complaint, appellant sought administrative remission or mitigation pursuant to 19 U.S.C. § 1618 and 26 U.S.C. § 7327. Proceedings in the district court were stayed pending an administration decision. On September 9, 1974, the Director of the Bureau of Alcohol, Tobacco and Firearms denied relief.

4. *See* note 1 *supra*.

claimant may obtain a *plenary* hearing in the District Court and a judicial review of the validity of the forfeiture.

410 F.2d at 461; *accord, United States v. Amore*, 335 F.2d 329, 330 (7th Cir. 1964); *Epps v. Bureau of Alcohol, Tobacco & Firearms*, 375 F.Supp. 345 (E.D.Tenn. 1973), *aff'd*, 495 F.2d 1373 (6th Cir. 1974). This principle does not apply, however, where it appears that the administrative proceeding itself was conducted without adequate notice so that a claimant is unable to comply adequately with the provisions of 26 U.S.C. § 7325. When notice is inadequate, the claimant can attack the constitutionality of summary forfeiture in federal district court. *See Menkarell v. Bureau of Narcotics*, 463 F.2d 88 (3rd Cir. 1972); *Melendez v. Shultz*, 356 F.Supp. 1205 (D.Mass.) (three-judge court), *appeal dismissed for want of jurisdiction*, 486 F.2d 1032 (2d Cir. 1973); *Jaekel v. United States*, 304 F.Supp. 993, 998 (S.D.N.Y.1969).

Appellant acknowledges that the Secretary complied with the notice requirements of § 7325 and that the forfeiture proceeding did not suffer from any defects in notice. He suggests, however, that the statute mandates the viewing and appraisal of the property by three appraisers as a prerequisite to the declaration of forfeiture, that such a requirement is jurisdictional and that failure to comply literally renders the forfeiture proceeding a nullity.

■ We are not persuaded that the irregularity or defect in the appraisal should be equated with failure to give adequate notice. Since appellant received proper notice we are unable to discern any valid reason for his failure to seek the remedy available to him under the statute. "[B]y exhausting that remedy a claimant may obtain a *plenary*

hearing in the District Court and a judicial review of the validity of the forfeiture." *United States v. Filing*, 410 F.2d at 461. Judge Denney carefully considered the theory espoused by appellant. He noted that

[a]lthough the appraisal in the present case relates to the subject matter jurisdiction of the forfeiture, on its face it is in accord with the statutorily prescribed procedure. The Court does not view the defective appraisal as tainting the validity of the forfeiture proceedings to the same extent as constitutionally defective notice or a patent lack of jurisdiction. In many respects, the considerations are similar to those involved in an attack on a default judgment. There is no dispute in this case that the forfeiture procedure was, on its face, in accordance with law.

Appellant apparently seeks to derive some comfort from *Ramsey v. United States*, 329 F.2d 432 (9th Cir. 1964). There, as in this case, plaintiff failed to file a claim or post bond under 26 U.S.C. § 7325. Inasmuch as the opinion in *Ramsey* does not clearly delineate the circumstances of the forfeiture proceeding, we do not regard it as controlling. If *Ramsey* does in fact stand for the proposition that a technical defect in the appraisal is jurisdictional, we decline to adopt that principle.[5]

In summary, we find no infirmities that are fatal to the administrative forfeiture proceeding. Appellant was afforded an opportunity to remove the proceeding to the federal district court. In that forum he could have attacked any phase of the action of the Secretary including the alleged insufficiency of the appraisal. Having failed to invoke the remedy available to him, appellant is now foreclosed from challenging the validity of the appraisal.

---

**5.** In *Ramsey* the following appears: "Appellant urges upon us the fact that three appraisers were never appointed; that there was no compliance with § 7325, either with respect to the number of appraisers, *notice*, or public auction. This claim was not denied by government counsel on oral argument." 329 F.2d at 435 (emphasis added). If, of course, the notice requirements were not met, the forfeiture proceedings were constitutionally invalid.

## B.

*The Acquittal on Criminal Charges.*

Arguably our disposition of appellant's first contention renders it unnecessary to determine whether appellant is entitled to return of the seized weapons because he was acquitted on all six counts. But because appellant's acquittal occurred after August 11, 1970, the date the forfeiture was declared, we have elected to consider the merits of the acquittal question.

■ None of the six counts on which appellant was acquitted involved the previously forfeited firearms. Even assuming, *arguendo* that the criminal trial and the forfeiture involved some of the same firearms, the collateral estoppel doctrine, which is at the core of appellant's present contention, does not apply. The collateral estoppel effect of an acquittal on a forfeiture proceeding has been most recently addressed by the Supreme Court in *One Lot Emerald Cut Stones v. United States*, 409 U.S. 232, 93 S.Ct. 489, 34 L.Ed.2d 438 (1972). In that case, the owner of undeclared imports urged that his acquittal of charges of violating 18 U.S.C. § 545,[6] was a defense to a forfeiture action instituted by the Government under the Tariff Act of 1930, 18 U.S.C. §§ 545, 597. The district court held that the forfeiture was barred by collateral estoppel and the fifth amendment. The Court of Appeals for the Fifth Circuit reversed. The Supreme Court granted certiorari and affirmed. Citing *Ashe v. Swenson*, 397 U.S. 436, 443, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970), the Court noted that "[c]ollateral estoppel would bar a forfeiture under § 1497 if, in the earlier criminal proceeding, the elements of a § 1497 forfeiture had been resolved against the Government." 409 U.S. at 234, 93 S.Ct. at 491. But, the Court observed, acquittal on the criminal charge does not necessarily resolve the issues in the forfeiture action. The difference in the burden of proof in a crim-

inal case and in a civil proceeding precludes application of the collateral estoppel doctrine. The Court stated:

> Moreover, the difference in the burden of proof in criminal and civil cases precludes application of the doctrine of collateral estoppel. The acquittal of the criminal charges may have only represented " 'an adjudication that the proof was not sufficient to overcome all reasonable doubt of the guilt of the accused'." As to the issues raised, it does not constitute an adjudication on the preponderance-of-the-evidence burden applicable in civil proceedings.

409 U.S. at 235, 93 S.Ct. at 492 (citations omitted). It is well established that a forfeiture proceeding under 18 U.S.C. § 924(d) is remedial in nature and is properly characterized as a civil proceeding. *Bramble v. Richardson*, 498 F.2d 968 (10th Cir. 1974); *United States v. One (1) 1969 Buick Riviera Automobile*, 493 F.2d 553, 554 (5th Cir. 1974); *Epps v. Bureau of Alcohol, Tobacco & Firearms*, 375 F.Supp. 345, 346 (E.D.Tenn.1973); *United States v. 1,922 Assorted Firearms*, 330 F.Supp. 635, 637 (E.D.Mo. 1971).

■ To support his position appellant relies almost exclusively upon *Lowther v. United States*, 480 F.2d 1031 (10th Cir. 1972). The Government argues that *Lowther* is distinguishable and that *One Lot Emerald Cut Stones, supra*, is controlling. Quite apart from the difference in the facts in *Lowther*, the failure of the *Lowther* court to cite *One Lot Emerald Cut Stones*, decided six months before the *Lowther* opinion was filed, leads us to question the court's rationale. We hold that *One Lot Emerald Cut Stones, supra*, controls this case and accordingly that appellant's acquittal does not entitle him to a return of the firearms that were the subject of the forfeiture proceeding.

For the foregoing reasons, the judgment is affirmed.

---

6. 18 U.S.C. § 545 provides for criminal penalties for smuggling certain undeclared imports into the United States.