UNITED STATES of America,
Appellee,

v.

Dr. Thomas Chester STURGEON,
Appellant.

No. 75–1322.

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 29, 1976.

Decided Feb. 9, 1976.

Rehearing Denied March 19, 1976.

Michael H. Irvine, Cedar Rapids, Iowa, for appellant.

Evan L. Hultman, U. S. Atty., and Gary E. Wenell, Asst. U. S. Atty., Sioux City, Iowa, for appellee.

Before HEANEY, BRIGHT and ROSS, Circuit Judges.

PER CURIAM.

Appellant Thomas C. Sturgeon was convicted on federal charges of conspiracy and counterfeiting, and was sentenced to a term of imprisonment of ten years. This Court affirmed the conviction on appeal, *United States v. Sturgeon,* 501 F.2d 1270 (8th Cir. 1974), and the Supreme Court denied certiorari, 419 U.S. 1071, 95 S.Ct. 659, 42 L.Ed.2d 667 (1974). The instant appeal is taken from

a postconviction order denying the appellant a reduction of his sentence under Rule 35, *Fed.R.Crim.P.*, and approving a motion by the United States Attorney for the custodial transfer of certain trial exhibits from the clerk of the District Court to an agent of the United States Secret Service. We affirm the judgment of the District Court.[1]

## I

■ The appellant's Rule 35 motion was premised on the contention that erroneous information regarding his criminal record was contained in his presentence report and relied upon by the District Court in the setting of his sentence. More specifically, the appellant contended that the presentence report inaccurately records that he suffered a felony conviction, when in fact he pleaded guilty to the minor charge of "contributing to the delinquency of a minor."

We have examined the presentence report. It accurately states that the appellant pled guilty to the minor charge of contributing to the delinquency of a minor. Moreover, the report concludes with the observation that "[f]or all practical purposes, the defendant has no previous criminal record." We conclude that the appellant's contention with respect to his presentence report is without any factual merit.

1. The Honorable Edward J. McManus, Chief Judge of the United States District Court for the Northern District of Iowa.

2. Of the exhibits not in question, some were returned to vendors and others are retained by the United States Government.

3. 18 U.S.C. § 492. Forfeiture of counterfeit paraphernalia.

All counterfeits of any coins or obligations or other securities of the United States or of any foreign government, or any articles, devices, and other things made, possessed, or used in violation of this chapter or of sections 331–333, 335, 336, 642 or 1720, of this title, or any material or apparatus used or fitted or intended to be used, in the making of such counterfeits, articles, devices or things, found in the possession of any person without authority from the Secretary of

## II

The United States introduced forty-four exhibits at the appellant's trial. These exhibits, consisting in part of printing paraphernalia, counterfeit plates, notes, photography equipment and reproduction equipment, remained in the custody of the clerk of the District Court during the appellate process. After the denial of certiorari by the Supreme Court, the United States Attorney moved for the transfer of the exhibits to an agent of the Secret Service. The appellant filed a *pro se* resistance to the motion, contending that the items which were not contraband should be returned to him. The District Court allowed the transfer to proceed, and the Secret Service gained custody of the exhibits.

■ On this appeal, both parties briefed the merits of the custody issue. However, pursuant to a written inquiry from this Court, the United States Attorney now reports that the Secret Service has proceeded to summarily forfeit and destroy the exhibits in question.[2] Thus, the question of custody has been rendered moot.

■ The United States Attorney informs us that the Secret Service believes that the summary procedure by which the appellant's property was forfeited is statutorily authorized by 18 U.S.C. § 492.[3] This statute, providing *inter alia*

the Treasury or other proper officer, shall be forfeited to the United States.

Whoever, having the custody or control of any such counterfeits, material, apparatus, articles, devices, or other things, fails or refuses to surrender possession thereof upon request by any authorized agent of the Treasury Department, or other proper officer, shall be fined not more than $100 or imprisoned not more than one year, or both.

Whenever, except as hereinafter in this section provided, any person interested in any article, device, or other thing, or material or apparatus seized under this section files with the Secretary of the Treasury, before the disposition thereof, a petition for the remission or mitigation of such forfeiture, the Secretary of the Treasury, if he finds that such forfeiture was incurred without willful negligence or without any intention on the part of the petitioner to violate

for the forfeiture of "material or apparatus" used in counterfeiting, is largely silent as to applicable procedures. We make no comment in this criminal appeal on the interpretation given the statute by the Secret Service. Should the appellant wish to contest the validity of the forfeiture, he may do so by instituting a civil action under the Tucker Act (28 U.S.C. § 1346(a)(2)). *See Glup v. United States*, 523 F.2d 557, 559, n. 3 (8th Cir. 1975).

The judgment of the District Court is affirmed.

the law, or finds the existence of such mitigating circumstances as to justify the remission or the mitigation of such forfeiture, may remit or mitigate the same upon such terms and conditions as he deems reasonable and just.