**UNITED STATES of America, Plaintiff,**

v.

**ONE ASSORTMENT OF 93 FIREARMS, Defendant.**

Civ. A. No. 77–590.

United States District Court, D. South Carolina, Columbia Division.

Nov. 14, 1978.

Glen E. Craig, Asst. U. S. Atty., Columbia, S. C., for plaintiff.

Herbert W. Louthian, Columbia, S. C., for Patrick M. Mulcahey, owner of property.

## ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND PLAINTIFF'S MOTION TO STRIKE.

HEMPHILL, District Judge.

This is a forfeiture action, originally filed March 31, 1977, and in which and by which plaintiff seeks condemnation as forfeited to the United States [1], and a decree for the proper disposal thereof of 92 assorted firearms, as listed in an exhibit to the complaint, on the ground that "said firearms were had and possessed and used and intended to be used on January 20, 1977, and prior thereto by Patrick M. Mulcahey and Richland County, South Carolina, in violation of the laws of the United States by engaging in the business of a dealer in firearms and ammunition without the said Patrick M. Mulcahey having first applied for and received a license as a dealer in firearms * * * ". In his answer, filed April 18, 1977, Mulcahey, first claimed ownership of the property described in the complaint and entered a general denial; for a second defense Mulcahey declared that he

---

1. Under provisions of 26 U.S.C. § 7401, which provides: Authorization.

No civil action for the collection or recovery of taxes, or of any fine, penalty, or forfeiture, shall be commenced unless the Secretary or his delegate authorizes or sanctions the proceedings and the Attorney General or his delegate directs that the action be commenced.

had been tried on the criminal side of the court, under the provisions of Chapter 44, Title 18, United States Code, in violation of Title 18, United States Code, §§ 922(a)(1) and 924(a) and thereafter acquitted by a verdict of a jury which rendered the issues before the court as *res judicata*, and collaterally estops the government from proceeding. A third defense alleges that the property was seized solely for the purpose of use of said property in evidence in a criminal proceeding and the criminal proceeding having been terminated, that plaintiff had no right to retain or condemn the property.

It is the last two defenses that plaintiff would strike, as positioned in its motion to strike, filed September 20, 1977. On November 9, 1977, defendant moved for summary judgment on the grounds that the owner had been acquitted in the criminal prosecution and that such criminal prosecution bars the forfeiture action. Therefore the motions involve the same issue, to wit: whether the admitted fact that the owner of the firearms was acquitted in a criminal prosecution foreclosed the forfeiture action as pursued by the government. The complaint verifies the fact that plaintiff accuses Mulcahey of violation of 18 U.S.C. §§ 922(a)(1), 923(a), and 924(d). At the hearing on the motions it was admitted that the verdict in the criminal trial on these charges was not guilty. A recitation or finding of fact is unnecessary as the facts are not in dispute.

 Initially, this court finds the complaint is lodged under the forfeiture provisions of 18 U.S.C. § 924(d) which states:

Penalties.

(d) Any firearm or ammunition involved in or used or intended to be used in, any violation of the provisions of this chapter or any rule or regulation promulgated thereunder, or any violation of any other criminal law of the United States, shall be subject to seizure and forfeiture and all provisions of the Internal Revenue Code of 1954 relating to the seizure, forfeiture, and disposition of firearms, as defined in section 5845(a) of that Code, shall, so far as applicable, extend to seizures and forfeitures under the provisions of this chapter.

It is to be noted that the section is not a criminal statute in term or in effect, but provides a civil penalty—forfeiture—for "any violation of the provisions of this chapter or any rule or regulation promulgated thereunder * * *." Such is the case before the court, a civil pursuit, as countenanced by the statute. A forfeiture proceeding is remedial in nature and is properly characterized as a civil proceeding. *Glup v. United States*, 523 F.2d 557, 561 (8th Cir. 1975); *One Lot Stones v. United States*, 409 U.S. 232, 237, 93 S.Ct. 489, 493, 34 L.Ed.2d 438, 443 (1972) citing *Helvering v. Mitchell*, 303 U.S. 391, 58 S.Ct. 630, 634, 82 L.Ed. 917 (1930).

In *Glup* the Eighth Circuit stated:

Even assuming, arguendo that the criminal trial and the forfeiture involved some of the same firearms, the collateral estoppel doctrine, which is at the core of appellant's present contention, does not apply. The collateral estoppel effect of an acquittal on a forfeiture proceeding has been most recently addressed by the Supreme Court in *One Lot Emerald Cut Stones v. United States*, 409 U.S. 232, 93 S.Ct. 489, 34 L.Ed.2d 438 (1972). In that case, the owner of undeclared imports urged that his acquittal of charges of violating 18 U.S.C. § 545, was a defense to a forfeiture action instituted by the Government under the Tariff Act of 1930, 18 U.S.C. §§ 545, 597. The district court held that the forfeiture was barred by collateral estoppel and the fifth amendment. The Court of Appeals for the Fifth Circuit reversed. The Supreme Court granted certiorari and affirmed. Citing *Ashe v. Swenson*, 397 U.S. 436, 443, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970), the Court noted that "[c]ollateral estoppel would bar a forfeiture under § 1497 if, in the earlier criminal proceeding, the elements of a § 1497 forfeiture had been resolved against the Government." 409 U.S. at 234, 93 S.Ct. at 491. *But, the Court observed, acquittal on the criminal charge does not necessarily resolve the*

*issues in the forfeiture action. The difference in the burden of proof in a criminal case and in a civil proceeding precludes application of the collateral estoppel doctrine.* The Court stated:

Moreover, the difference in the burden of proof in criminal and civil cases precludes application of the doctrine of collateral estoppel. The acquittal of the criminal charges may have only represented " 'an adjudication that the proof was not sufficient to overcome all reasonable doubt of the guilt of the accused'." As to the issues raised, it does not constitute an adjudication on the preponderance-of-the-evidence burden applicable in civil proceedings.

409 U.S. at 235, 93 S.Ct. at 492 (citations omitted). *It is well established that a forfeiture proceeding under 18 U.S.C. § 924(d) is remedial in nature and is properly characterized as a civil proceeding.* Bramble v. Richardson, *498 F.2d 968 (10th Cir. 1974);* United States v. One (1) 1969 Buick Riviera Automobile, *493 F.2d 553, 554 (5th Cir. 1974);* Epps v. Bureau of Alcohol, Tobacco & Firearms, *375 F.Supp. 345, 346 (E.D.Tenn.1973);* United States v. 1,922 Assorted Firearms, *330 F.Supp. 635, 637 (E.D.Mo.1971). (Emphasis added.) (p. 561.)*

The reasoning in *One Lot Stones* is also applicable here:

If for no other reason, the forfeiture is not barred by the Double Jeopardy Clause of the Fifth Amendment because it involves neither two criminal trials nor two criminal punishments "Congress may impose both a criminal and·a civil sanction in respect to the same act or omission

* * * " (Citing *Helvering v. Mitchell,* supra.)

An examination of the record here shows one criminal case, another civil. The difference in the criminal proceeding on the one hand and the forfeiture proceeding on the other emphasizes the distinction here. The present action invokes the provisions of 26 U.S.C. § 5872(a) [2] and· 26 U.S.C. § 7323(a) [3]. The criminal action was not based on, neither included nor involved such sections.

This forfeiture action was properly brought under the provisions of 18 U.S.C. § 924(d) invoking the provisions of 26 U.S.C. § 5872(a) and 26 U.S.C. § 7323(a). This is an action *in rem* commenced by the Complaint for Forfeiture filed on March 31, 1977.[4] The court ordered (April 4, 1977) that Warrant for Arrest and Notice issue. The court obtained jurisdiction over the property by the Marshal arresting it and retaining custody thereof under the direction of the court. There is nothing in such statutes that requires the property be seized under a warrant specifically providing that it is seized for forfeiture.

■ Where the property is lawfully seized as evidence in a criminal proceeding, it may be made the subject of a forfeiture proceeding under the provisions of 18 U.S.C. § 924(d), 26 U.S.C. §§ 5872(a), and 7323(a). It is clear that a claimant in a forfeiture proceeding is not entitled to the return of the defendant property on the ground he was acquitted in the related criminal proceeding. *Glup,* supra; *United States v. One 1969 Buick Riviera Automobile,* 493 F.2d 553 (5th Cir. 1974).

Of interest to this discussion is *Epps v. Bureau of Alcohol, Tobacco & Firearms,* 375

**2.** 26 U.S.C. § 5872(a) provides: · Forfeitures.

(a) Laws applicable.—Any firearm involved in any violation of the provisions of this chapter shall be subject to seizure and forfeiture, and (except as provided in subsection (b)) all the provisions of internal revenue laws relating to searches, seizures, and forfeitures of unstamped articles are extended to and made to apply to the articles taxed under this chapter, and the persons to whom this chapter applies.

**3.** 26 U.S.C. § 7323(a) provides: Judicial action to enforce forfeiture.

(a) Nature and venue.—The proceedings to enforce such forfeitures shall be in the nature of a proceeding in rem in the United States District Court for the district where such seizure is made.

**4.** By Orders dated July 6, 1977, the court ordered that the Complaint be amended to include an additional firearm and that warrant for arrest and notice issue in connection with such additional firearm. On July 18, 1977 Mulcahey filed an Answer to the Amended Complaint.

F.Supp. 345 (E.D.Tenn.1973), affirmed without opinion, 495 F.2d 1373 (6th Cir.). There the court stated as follows:

It is undisputed that the plaintiff did not, at the pertinent times, have a license to engage in the business of dealing in firearms and ammunition; but, he was acquitted of having violated the provisions of 18 U.S.C. § 922(a)(1) on November 7, 1972, in *United States of America, plaintiff v. William E. Epps, Jr., defendant,* criminal action no. 7260, this district and division. *Such acquittal on such criminal charge is not a bar to the civil administrative action by the government, which is remedial in nature, arising out of the same facts on which the criminal proceeding was based. Helvering v. Mitchell* (1938), 303 U.S. 391, 397, 58 S.Ct. 630, 82 L.Ed. 917, 921 (headnote 2). *Forfeiture of goods is a civil sanction, remedial in nature.* Ibid., 303 U.S. at 400, 82 L.Ed. at 922 (headnote 6); see also *Colacicco v. United States,* infra, [2 Cir.] 143 F.2d [410] at 411–412[2]. (Emphasis added.) (p. 346).

It is obvious the second defense is insufficient.

### THE THIRD DEFENSE

[4] In paragraph 9 of the complaint Mulcahey alleges that some of the appraised values of the firearms are not accurate and that the appraised total value is approximately one-third of the actual total value. This is not a valid defense.

The general statute (26 U.S.C. § 7323) providing for judicial action to enforce forfeiture does not require any appraisal of seized property. That statute is subject to the exception in 26 U.S.C. § 7325 providing that if the property is valued at $2,500 or less it will be appraised—as the claimant is entitled to judicial enforcement of the forfeiture where the property has a value of $2,500 or less if he files $250 cost bond. The regulations are in accord with the stat-

utes in not applying the appraisement procedure set forth in 26 U.S.C. § 7325 where the property is alleged to have a value of over $2,500. Accordingly, where the property is alleged to have a value of over $2,500, the appraisal is jurisdictional only to the extent that it entitles the claimant to a judicial action without the requirement that he post a cost bond.

Since the Government's appraised value in this case is over $2,500 and is admitted to be so by Mulcahey in his Answer, any defect or inaccuracy in the appraisal is not jurisdictional and is immaterial to the prosecution of the forfeiture action. In other circumstances involving administrative forfeiture proceedings where the property was appraised at $2,500 or less, it has been held that a technical defect in the appraisal was not jurisdictional to the administrative forfeiture proceedings. *Glup,* supra. For an explanation of the reason for the requirements of appraisal and filing of a cost bond by the claimant where the property is valued at $2,500 or less, see *Epps,* supra; and *Application of Colacicco,* 55 F.Supp. 766 (D.N.Y.1943) affirmed 143 F.2d 410 (2d Cir. 1944).

In paragraph 10 Mulcahey alleges that many of the alleged items of property were not his property, but the property of his wife, children, and others.[5] This does not allege a valid defense to the forfeiture of any of the property. See *United States v. One 1972 Toyota Mark II,* 505 F.2d 1162 (8th Cir. 1974) where the Eighth Circuit stated as follows:

The innocence, noninvolvement or lack of negligence of the owner in allowing the vehicle to be used for the forfeitable offense is no defense to the forfeiture action. *United States v. One 1971 Lincoln Continental Mark III,* 460 F.2d 273, 275 (8th Cir. 1972); *United States v. One 1967 Cadillac Coupe Eldorado,* 415 F.2d 647, 648 (9th Cir. 1969); *United States v. One 1961 Cadillac,* 337 F.2d 730, 732 (6th

---

5. By Order dated July 6, 1977 the court ordered that four of the firearms be delivered to Mrs. Mulcahey. Government counsel moved for such Order. No one except Mulcahey has filed a claim for any of the defendant firearms as required by the notice published in THE STATE newspaper dated April 29, 1977.

Cir. 1964); *cf. Calero-Toledo v. Pearson Yacht Leasing Co.*, 416 U.S. 663, 94 S.Ct. 2080, 40 L.Ed.2d 452 (1974). (p. 1165)

 In paragraph 11 Mulcahey alleges, in effect, that many of the seized items were "curios and relics" and not firearms within the meaning of Chapter 44, Title 18 U.S.C., and that such items should be eliminated from the forfeiture proceeding. This is a misinterpretation of the statutes and does not allege a defense to the forfeiture action.

The provisions of 18 U.S.C. § 921(a)(13) and 27 CFR 178.11 defining certain firearms as "curios and relics" make it clear that firearms classified as "curios and relics" are "firearms" as defined in 18 U.S.C. § 921(a)(3)–(8). It is clear that the statute provides for certain firearms to be classified as "curios and relics" in order to create the category of licensee as a collector ((18 U.S.C. § 923(b)) who is a person "who acquires, holds, or disposes of firearms and ammunition as curios and relics" ((18 U.S.C. § 921(a)(13)).

An unlicensed person is not prohibited from collecting firearms generally or of the category of curios or relics. Additionally, an unlicensed person may only buy and sell firearms generally (including "curios and relics") within his own state, with certain exceptions, whereas if licensed as a collector who "acquires, holds, and disposes of firearms as curios and relics" he may acquire "curios and relics" anywhere and dispose of them to any licensee wherever located.

27 C.F.R. 178.41(d) makes it clear that a collector's license applies "only to transactions related to a collector's activity in acquiring, holding, or disposing of curios and relics" and such license does not authorize the collector licensee to acquire and dispose of curios and relics in engaging in the business of a dealer in firearms.

## CONCLUSIONS

For the reasons stated above the court concludes that the motion to strike the second and third defenses is granted and that the defense motion for a summary judgment is denied. (The court schedules a post-decision status hearing November 27, 1978, at 10:00 a. m. o'clock, at Columbia).

The Second and Third Defenses of the Answer are stricken. The Motion for Summary Judgment is denied.

AND IT IS SO ORDERED.