7 F.3d 228
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Maurice Cortez PROCTOR, Defendant-Appellant.
 No. 91-7340.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: July 29, 1992.
Decided: October 4, 1993.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore.
 Maurice Cortez Proctor, Appellant Pro Se.
 Catherine Curtis Blake, Peter M. Semel, Office of the United states attorney, for Appellee.
 D.Md.
 VACATED AND REMANDED
 Before WIDENER, MURNAGHAN, and WILKINS, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Maurice Cortez Proctor appeals from the district court's denial of his Motion for Return of Property forfeited by the government. Specifically, Proctor seeks the return of a 1985 Ford Bronco, a 1962 Triumph, and a German Solingen ceremonial dagger. Proctor claims that he never received any notice of pending forfeiture actions by the FBI. The district court held that Proctor received notice of the forfeitures. Because we find that a genuine issue of material fact exists as to whether adequate notice was provided, we vacate the district court's order.[1]
 
 
 2
 * Proctor's Bronco and Triumph were forfeited by the FBI on July 16, 1986 and December 12, 1987, respectively, pursuant to the civil forfeiture provisions of 19 U.S.C.A. §§ 1607, 1609 (West Supp. 1991).[2]
 
 
 3
 His ceremonial dagger was forfeited along with various guns and ammunition by a Motion to Dispose of Firearms on March 27, 1991.
 
 
 4
 In his Motion for Return of Property, Proctor claims his property was illegally forfeited by the government because he never received any notice of the forfeiture proceedings and there was no probable cause to seize his property.[3] The government responded with a motion seeking dismissal and submitted supporting attachments in accordance with Fed. R. Civ. P. 56. Gay v. Wall, 761 F.2d 175, 177 (4th Cir. 1985) (motion to dismiss with submissions outside the pleadings should be construed as summary judgment motion). After Proctor responded, and without a hearing, the district court dismissed the case, finding that Proctor had been given the requisite notice under § 1607.
 
 
 5
 Summary judgment is proper if, in viewing the evidence in a light most favorable to the nonmoving party, see Cole v. Cole, 633 F.2d 1083, 1092 (4th Cir. 1980), there is a material dispute of fact on which a jury could reasonably find in his favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). Supporting affidavits and documents are only used to determine if a genuine issue of material fact exists, not to decide the issues themselves. That function is for a jury. Gray v. Spillman, 925 F.2d 90 (4th Cir. 1991). On appeal the record receives de novo review. Anderson v. Liberty Lobby, Inc., 477 U.S. at 248-49.
 
 
 6
 To satisfy the requirements of due process, notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Robinson v. Hanrahan, 409 U.S. 38, 39-40
 
 
 7
 (1972); see also Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950). The FBI states that the Bronco and the Triumph were forfeited pursuant to 19 U.S.C.A. §§ 1607, 1609 (West Supp. 1991). Under 19 U.S.C. § 1607, notice of the seizure and pending forfeiture must be published for three successive weeks, and written notice of the seizure must be sent to each party who appears to have an interest in the property. 19 U.S.C.A. § 1607.
 
 
 8
 At the outset it should be noted that forfeiture is a traditionally disfavored remedy in the law. United States v. Borromeo, 945 F.2d 750, 753 (4th Cir. 1991). As a result, those seeking forfeiture must be held to "strict compliance with the letter of the law." Id. In the case of the Bronco, the government submitted a copy of a November 5, 1985, letter sent to Proctor at the Baltimore City Jail providing him with preforfeiture notice. However, Proctor denies receiving the letter and the record does not contain a copy of the return receipt acknowledging delivery. Thus, taking the evidence in a light most favorable to Proctor, a genuine issue of fact exists as to whether notice was provided.
 
 
 9
 As for the Triumph, publication notice was provided through successive notices in the Baltimore News American; however, there is insufficient evidence that written notice was provided to Proctor. The only evidence of written notice in the record are two unsubstantiated statements that such notice was sent, one in the January 12th Declaration of Forfeiture and one in a September 13, 1991, letter to Proctor. These statements are not supported by a copy of the pre-seizure letter of notice, a return receipt, or an affidavit stating that notice was given. Because Proctor denies receiving written notice, and the evidence must be taken in a light most favorable to him, a genuine issue of material fact is again created as to whether Proctor received notice. This result is further compelled by the traditional disfavor with which forfeiture is held. Borromeo, 945 F.2d at 753. We find that the district court erred in finding that notice was sufficient with regard to the forfeiture of Proctor's Bronco and Triumph.
 
 II
 
 10
 Proctor's dagger, several guns, holsters and ammunition were forfeited by a Motion to Dispose of Firearms. The government does not make clear under what statute the guns and dagger were forfeited.
 
 
 11
 However, if the dagger was forfeited pursuant to 21 U.S.C.A. § 881 (West Supp. 1991) or 19 U.S.C.A. §§ 1607, 1609 (West Supp. 1991), the notice requirements of these forfeiture sections were not met. There is no evidence in the record that Proctor received either publication or written notice prior to the March 27, 1991, order authorizing the forfeiture of the dagger. Moreover, if it is assumed that the government was acting pursuant to 18 U.S.C.A. § 924(d) (West Supp. 1991), forfeiture was improper. Section 924(d) applies to firearms, ammunition and destructive devices.[4] See 26 U.S.C. § 5845 (1988); see also 18 U.S.C. § 921 (1988). Ceremonial daggers do not appear to fit within any of the categories covered by this provision, and there is nothing in the statute to support extending it to cover them. Therefore, § 924(d) was not applicable to the dagger and forfeiture under this provision was improper.[5] Given the fact that there is no evidence in the record, beyond the order itself, demonstrating that Proctor received notice, a genuine issue of material fact exists as to whether he did. The district court improperly found the government provided Proctor with notice of the dagger's forfeiture. See Mullane, 339 U.S. at 314.
 
 III
 
 12
 In conclusion, we vacate the district court's denial of Proctor's motion. We remand for further proceedings to determine whether adequate notice was provided. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 VACATED AND REMANDED
 
 
 [1]
 The Supreme Court recently decided that a stay or supersedeas bond is not necessary to preserve appellate jurisdiction in a civil forfeiture case. Republic National Bank of Miami v. United States, 61 U.S.L.W. 4027 (U.S. Dec. 14, 1992). This Court has previously held that neither a stay nor a bond is required to preserve jurisdiction, and that jurisdiction is retained even if the property is put into the applicable asset forfeiture fund. United States v. $95,945.18, 913 F.2d 1106, 1110 (4th Cir. 1990). Because Proctor asserts that he did not receive notice of the pending forfeitures, and thus could not have filed a stay or a bond to prevent the subsequent actions, this case is distinguishable from the above situations and abeyance pending the outcome of the Supreme Court's decision is not necessary. See Glup v. United States, 523 F.2d 557, 560 (8th Cir. 1975) (claimant's failure to follow proper procedures to obtain court jurisdiction to review administrative forfeiture does not defeat jurisdiction if issue is adequacy of notice in administrative proceeding); Menkarell v. Bureau of Narcotics, 463 F.2d 88 (3d Cir. 1972)
 
 
 [2]
 Proctor was convicted by a jury of violating 18 U.S.C. § 241 (1988), Conspiracy to Violate Civil Rights; 18 U.S.C. § 1512 (1988), Witness Tampering; 18 U.S.C. § 1513 (1988), Retaliating Against a Witness; and 18 U.S.C.A. § 924(c) (West Supp. 1991), Use of a Handgun in Commission of a Violent Crime
 
 
 [3]
 Proctor filed this motion pursuant to Fed. R. Crim. P. 41(e). Because this provision is not applicable to civil forfeiture actions, see United States v. Castro, 883 F.2d 1018 (11th Cir. 1989), Proctor's claim should be construed as one alleging a Fifth Amendment due process violation. See Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), cert. denied, 439 U.S. 970 (1978) (pro se claimant's case should not be dismissed for mislabeling of pleading); see also Glup v. United States, 523 F.2d 557, 559 (8th Cir. 1975) (inadequate notice is valid basis of constitutional challenge of forfeiture)
 
 
 [4]
 Destructive devices include explosives, incendiary and poison gas bombs, grenades, rockets, missiles, mines and other similar devices. 26 U.S.C. § 5845(f) (1988) and 18 U.S.C. § 921(a)(4) (1988)
 
 
 [5]
 Even if this statute was applicable, the government failed to prove that the notice requirements of § 924 were met. Forfeiture under this provision is governed by 26 U.S.C. § 7325(2) (1988), of the tax code. Section 7325(2) requires that notice of the impending forfeiture be published for three weeks in a newspaper in the district where the seizure is made. There is no evidence that either publication or written notice was provided to Proctor