27 F.3d 564
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Tyrone CLARK, Defendant-Appellant.
 No. 93-6986.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 3, 1994.
Decided June 8, 1994.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. J. Frederick Motz, District Judge. (CR-92-293-JFM)
 Tyrone Clark, appellant pro se.
 Philip S. Jackson, Asst. U.S. Atty., Baltimore, Md., for appellee.
 D.Md.
 VACATED AND REMANDED.
 Before NIEMEYER and WILLIAMS, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Tyrone Clark appeals from the district court's order denying his motion for reconsideration of the court's denial of his motion for return of property. Because we find that the district court granted judgment on the pleadings without giving Clark an opportunity to respond, we vacate the district court's order and remand.
 
 
 2
 Various items of Clark's property were seized by the Drug Enforcement Administration ("DEA"), the Bureau of Alcohol, Tobacco & Firearms ("ATF"), and the Baltimore County Police Department on July 1, 1991. Clark filed a Motion for Return of Items Seized to recover "assorted jewelry, papers, pictures, money and anything of value." He alleged that these items were de facto forfeited by the United States without due process of law.
 
 
 3
 The government responded, reporting that no warrants were executed at the address or during the time that Clark alleged. If any of Clark's property was seized, the government asserted that it was in the custody of the city and state police. Without a hearing and without giving Roseboro[1] notice, the district court denied Clark's motion, noting that it appeared from the government's answer that it was not in possession of the items Clark alleged were seized.
 
 
 4
 In his Fed.R.Civ.P. 60(b) motion for reconsideration, Clark stated that on July 1, 1991, the ATF, the DEA, and other law enforcement agencies executed search warrants and seized a pistol, ammunition, currency, jewelry, a floor safe, a money counter, and miscellaneous items of personal property. Clark attached the ATF report which noted that "[a]ll the retained and seized property in this case has been properly disposed, and therefore no property remains in ATF custody in this case." The DEA report noted that a cashier's check in the amount of $15,707 was transferred to the United States Marshal and that other property was administratively forfeited to the United States and shared with the state police. Clark alleged that he did not receive notice; therefore, he alleged that the forfeiture violated his due process rights.
 
 
 5
 In response to the motion for reconsideration, the government admitted that a search and seizure occurred as Clark described. The government reported that several of the seized items were used as evidence during Clark's trial on drug and firearm charges. The jewelry, money counter, and papers were released to the Baltimore County Police Department for use in the trial of Clark's associate.
 
 
 6
 The government further reported that the firearm and ammunition were destroyed at the direction of the ATF, the papers and personal items were returned to Clark, and the jewelry was forfeited by the Baltimore County Police Department. Currency in the amount of $15,707 was administratively forfeited by the United States, after notice by mail and by publication. The government admitted that the notice of forfeiture of the currency was not sent to Clark at his place of incarceration and offered to reopen the administrative proceedings to provide Clark with proper notice. However, the government argued that Clark's remedy was administrative and the district court did not have jurisdiction over this dispute. The district court denied the motion for reconsideration. Clark appealed.
 
 
 7
 Although Clark styled his pleading as a Fed.R.Crim.P. 41(e)[2] motion, 2 the district court should have liberally construed it as one alleging a Fifth Amendment due process violation. See Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.) (pro se claimant's case should not be dismissed for mislabeling pleading), cert. denied, 439 U.S. 970 (1978); see also In re Sixty Seven Thousand Four Hundred Seventy Dollars, 901 F.2d 1540, 1545 (11th Cir.1990). Accordingly, the district court possessed jurisdiction to review the alleged due process violation.
 
 
 8
 The district court's denial of Clark's motion was the equivalent of granting judgment on the pleadings. Judgment on the pleadings is not appropriate unless the pro se party against whom judgment is granted is given notice and an opportunity to be heard. See Roseboro, 528 F.2d at 310. The district court did not afford Clark such notice or opportunity to contest judgment. Rather, the court entered judgment based upon the government's response denying seizure of Clark's property.
 
 
 9
 We find that the district court's failure to give Roseboro notice was not harmless error because a material issue of fact existed concerning at least some of Clark's claims. Therefore the court exceeded its discretion in denying Clark's motion for reconsideration. See Werner v. Carbo, 731 F.2d 204 (4th Cir.1984).
 
 
 10
 It appears from the record that a material dispute exists on Clark's claim of a due process violation arising from the forfeiture of the $15,707 in currency. Pursuant to 19 U.S.C.A. Sec. 1607 (West Supp.1994), the government must provide written notice to each party who appears to have an interest in the property. See 21 U.S.C.A. Sec. 881(d) (West Supp.1994); see also Robinson v. Hanrahan, 409 U.S. 38, 39-40 (1972); Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950). The government advised that notice of the seizure was sent to Clark at the address where the seizure occurred. This notice was returned unclaimed, because Clark was in custody. Because the government may have been aware that Clark was in custody, the notice mailed to Clark's last known address may have been ineffective. See United States v. Borromeo, 945 F.2d 750, 752 (4th Cir.1991) (requiring strict compliance with the letter of the law by those seeking forfeiture).
 
 
 11
 Additionally there appears a material factual issue as to whether Clark received proper notice of the ATF's destruction of the firearm and ammunition. See 18 U.S.C. Sec. 924(d) (West Supp.1994). Notice of the intended destruction must be published in a local newspaper for three consecutive weeks. 26 U.S.C.A. Sec. 7325(2) (West 1989). Because there is no evidence in the record to establish that such notice was given, we find that the district court's failure to give Roseboro notice regarding this claim was not harmless error. See Glup v. United States, 523 F.2d 557, 559 (8th Cir.1975).
 
 
 12
 Because the district court failed to give Roseboro notice before granting judgment on the pleadings in favor of the United States, we vacate the order of the district court denying Clark's motion for reconsideration and remand for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 VACATED AND REMANDED
 
 
 [1]
 Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir.1975)
 
 
 [2]
 Rule 41(e) is not applicable to civil forfeiture actions. See United States v. Castro, 883 F.2d 1018, 1020 (11th Cir.1989)